GERMAN INSURANCE CO. V. A. P. LUCKETT.

No. 2073.

1. **Contract Limitation of Time for Bringing Suit—Statutory Prohibition.**

A stipulation in a fire insurance policy limiting the time within which suit might be brought thereon to six months from the date of the trial is void because in contravention of the act of March 4, 1891, forbidding stipulations in contracts for a period of time within which to sue less than two years.

2. **Same—Title of Act—Constitutionality.**

The act of March 4, 1891, forbidding stipulations in a contract for a period of time within which to sue less than two years, is not violative of section 35, article 3, of the Constitution, providing that no bill except a general appropriation bill shall contain more than one subject, which shall be expressed in its title.

3. **Practice—Omission of Court to Rule on Exception—Immaterial Error.**

It is the duty of the trial court to act upon exceptions to the pleading duly presented before proceeding with the trial upon the facts. But an omission in this respect is not reversible error, where it appears that appellant was not substantially prejudiced thereby.

4. **Fire Insurance Policy—Estoppel.**

A fire insurance company is not estopped to plead that the policy is avoided, by reason of the failure of the insured to disclose an incumbrance on a part of the

property, because of the fact that after the fire, and knowing then of the incumbrance, it required the assured to make up proofs of loss without denying its liability under the policy.

**5. Same—Undisclosed Mortgage on Part of Property—Effect.**

Where a fire insurance policy provided that "if the property insured is encumbered in any manner, it must be so represented to this company and expressed in this policy in writing; otherwise this insurance contract shall be void and of no effect," the failure of the insured to disclose a mortgage upon one article of furniture out of quite a number insured will not vitiate the policy as to the remaining property which is unincumbered.

**6. Same.**

Where the amount of damage caused by the fire is fully equal to the amount of the verdict for defendant against the insurance company, without reference to that article of the property affected by the mortgage, issues with reference to such mortgage and the failure to disclose it are immaterial.

**7. Same—False Representations—Immaterial, When.**

False representations by the insured to the agent of the company made after the fire, to the effect that she was the sole and unconditional owner of the mortgaged article covered by the policy, are immaterial where the agent of the company was informed of the existence of such mortgage at the time the policy was issued.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*Carter & Lewright* and *Oeland & Smith,* for appellant.—1. A provision in a policy of insurance, limiting time within which suit shall be brought, to six months next after the fire, is valid. Suggs v. Ins. Co., 71 Texas, 579; Roach v. Ins. Co., 30 N. Y., 536; May on Ins. (3 ed.), sec. 478; Bigham v. Talbot, 63 Texas, 271; Ins. Co. v. La Croix, 35 Texas, 249; Wood, Lim., 80, 81, sec. 42.

2. No bill shall contain more than one subject, which shall be expressed in its title. The Act of March 4, 1891, chapter 17, p. 20, general laws of the 22d legislature, contains more than one subject expressed in its title and is void. Article 3, section 35, Constitution of 1876; Supp. Sayles' Civil Stats., arts. 3203a, 1181a; State v. McCracken, 42 Texas, 383; State v. Shadle, 41 Texas, 404; Breen v. Railway, 44 Texas, 312; Cooley's Const. Lim., 180.

3. It is the duty of the court to act upon all exceptions and demurrers before a trial is had on the merits of the case. Rules 26, 27, 28, 29 of the District and County Courts; art. 1291, Sayles' Civ. Stats., p. 434; Thompson v. Swearengen, 48 Texas, 558.

*W. S. Essex,* for appellee.—1. The Act of March 4, 1891, twenty-second legislature, chap. 17, p. 20, contains only one general subject within the meaning of the Constitution. That appears to be the right to maintain suits in certain cases, though stipulated otherwise in the contract, and is therefore valid. Railway v. Smith, 54 Texas, 1; Railway Co. v. Odum, 53 Texas, 344; Cattle Co. v. State, 68 Texas, 543; s. c. 4 S. W. Rep., 865; Stone v. Brown, 54 Texas, 330; Giddings v. San Antonio, 47 Texas, 548; Robinson v. State, 15 Texas, 311; Tadlock v. Eccles, 20 Texas, 783.

2. If the evidence was immaterial, as alleged, the court should not, on that account, reverse the judgment, because no other verdict than the

one rendered could have been reasonably rendered under the other evidence. Prigden v. Hill, 12 Texas, 374; Patton v. Gregory, 21 Texas, 513; Tucker v. Smith, 68 Texas, 473.

TARLTON, Chief Justice.—The verdict of the jury requires from us the following conclusions of fact upon the issues presented on this appeal:

On March 10, 1892, the appellant, in consideration of the premium of $12, issued to Mrs. Augusta Ault, who was the wife of J. A. Ault, its policy of insurance No. 62,727, whereby it insured for the period of one year and in a sum not exceeding $1,000, certain property situated in a named dwelling house, described as follows: "Household and kitchen furniture, useful and ornamental, beds, bedding, linen, wearing apparel of self and family, printed books, pictures, paintings, and their frames (at not exceeding cost), silver and plated ware, watches and jewels, china, glass and crockery ware, mirrors, printed music, musical instruments, umbrellas, canes, traveling equipments, opera glasses, sewing machines, family stores, and all articles generally used in housekeeping."

The property covered by the policy had been acquired by J. A. Ault and his wife Augusta during their marriage, which had occurred some nine years prior to the date of the policy. Of this fact the agent of the company was apprised when he issued the policy to Mrs. Augusta Ault.

About 10 o'clock p. m., September 20, 1892, the house, containing the property insured, was ignited, from some cause for which the assured was not responsible, and the articles insured were destroyed or damaged.

The policy contains the stipulation that, "If the property above described is encumbered in any manner, it must be so represented to this company and expressed in this policy in writing, otherwise this insurance contract shall be void and of no effect."

Among the articles in the house at the date of the policy and of the fire, was a piano, which at both the dates was under a chattel mortgage. Of the existence of the mortgage the agent who issued the policy was informed by the husband, J. A. Ault, when the policy was executed.

The assured furnished proofs of loss in accordance with the terms of the policy. The latter also contained a provision to the effect that unless suit should be brought upon the policy within six months after the fire, it should not be sustained, and that after that period the lapse of time should be deemed conclusive evidence against the validity of any claim sought under the policy to be enforced, any statute of limitation to the contrary notwithstanding.

The appellee Luckett having by assignment become the owner of the policy, brought this suit on August 31, 1893. He recovered a verdict and judgment in the sum of $1,000, the amount of the policy, besides interest, from which this appeal is taken.

Excluding the loss incident to the destruction of the piano above mentioned, the damage due to the destruction or injury of the remaining

property—undoubtedly covered by the terms of the policy—exceeded the amount of the verdict and judgment.

*Opinion.*—Though the suit was brought more than one year after the fire, the stipulation in the policy limiting the time to the period of six months within which the action shall be instituted, can not avail the appellant. This provision in the policy is in direct contravention of the Act of March 4, 1891, forbidding stipulations for a period of time less than two years in which to sue. This act applies as well to insurance policies as to other species of contracts. In terms it includes "any stipulation, contract or agreement."

Nor can the provisions of the act affecting the question here presented be assailed as violative of sec. 35, art. 3, of the State Constitution. This provides that "No bill (except general appropriation bills, which may embrace the various subjects and accounts for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

Giving, as we must, a liberal interpretation to this provision, we think that the subject of the enactment is the same in both sections, viz., a limitation upon stipulations in contracts; that the provisions of each section are appropriately connected with the general subject of the statute, which is sufficiently expressed in the title; and that the matters referred to in the two sections of the act are but different phases of the same subject, as expressed in its title. Nothing is found in the body of the act itself that does not come within the subject as indicated by the title, or which could cause "surprise, misapprehension or deception" as to the provisions of the act. We are not prepared to condemn the act as unconstitutional. State v. McCrackin, 42 Texas, 384; Giddings v. San Antonio, 47 Texas, 548; Breen v. Railway Co., 44 Texas, 306; Stone v. Brown, 54 Texas, 330.

The defendant pleaded the encumbrance clause already set out in our conclusions of fact, alleging the existence of the mortgage and seeking to avoid the policy on this ground.

To this the plaintiff replied that the defendant knew of the existence of the mortgage, and knew that the assured did not intend to include the piano (the only article mortgaged) within the property insured.

The plaintiff also replied that the defendant was estopped from urging this defense, because of the following facts:

1. The defendant, after the fire, knowing that a mortgage was on the piano, did not deny its liability under the policy, but required the assured to make up proofs of loss, and caused her and her husband to employ an attorney at great expense.

2. With knowledge of the existence of the mortgage, as defendant in a garnishment proceeding against it in which Collins & Armstrong, who had sold the piano in question to J. A. Ault, sought to hold the

defendant liable as a debtor of Ault, the company failed in its answer to urge the mortgage in avoidance of the policy.

3. The Hon. John E. Hollingsworth, Commissioner of Insurance of the State of Texas, required the defendant, on January 27, 1893, at the instance of the assured, to explain why it did not pay the policy, and the company stated in answer to the inquiry that payment was declined because the loss was fraudulent, without disclosing—though it knew the fact—that it relied upon the mortgage in avoidance of the policy.

4. Before his purchase of the policy the plaintiff procured a written opinion of W. S. Essex, an attorney at law, as to the liability of defendant for the loss and damage under the policy. Essex, after making an accurate and careful examination, relying upon knowledge obtained from the acts of the defendant in requiring proof of loss, and disclosed by the answer in the garnishment proceeding and the correspondence with Hollingsworth, advised the plaintiff to the effect that defendant was indebted on the policy, and that the damages caused by the fire could be collected.

To the acts thus alleged as constituing a waiver of the provision with reference to the mortgage, or an estoppel against the defendant, the latter presented several special exceptions, which we are of opinion should have been promptly sustained. Upon them, however, his Honor (over the objection of the appellant) declined to rule until immediately before the charge of the court was read to the jury, when he sustained all of them.

We hold that it was the duty of the court to act upon these exceptions before proceeding with the trial upon the facts, but we further hold that the omission of this duty will not require a reversal, if it appear that such omission was not substantially prejudicial to the appellant. Railway v. Lindsey, 32 S. W. Rep., 714 (in which a writ of error has been refused).

It was not thus prejudicial in this instance unless evidence was admitted which would have been inadmissible under other phases of the pleading.

With reference to the advice of the attorney Essex and to the act of the plaintiff in purchasing the policy by virtue thereof, no evidence whatever was offered.

We hold that the act of the defendant in writing to John E. Hollingsworth, placing its refusal to pay this claim on wholly different grounds than that of the existence of the mortgage on the piano, and in failing in its answer to the garnishment proceeding to advert to such a defense, tends in some degree to corroborate the statement of J. A. Ault as a witness that the defendant had been informed of the existence of the mortgage, and tends by the course of conduct thus indicated to involve an admission that the defendant could only rely upon some ground other than the mortgage to avoid the policy. Admissions are involved in acts and in silence sometimes, as well as in words. 2 Wharton on Evidence, sec. 1081; Wells v. Fairbank, 5 Texas, 583; Railway v. Hertzig, 22 S. W. Rep., 1013.

If we be in error in the view just announced, we must yet hold that the assignments complaining of the action of the court with reference to the special exceptions and to the admission of the evidence referred to, are without merit. It will be noted that the defense involved refers exclusively to the mortgage upon the piano. Does it follow that the existence of the mortgage upon this one article would vitiate the policy as to the remaining property, unencumbered in any way, though the insurer was not informed of the mortgage? We think not. A clause of this character should be strictly construed; and if an encumbrance should exist upon one of a number of articles, this fact should not avoid the policy as to the unencumbered property. May on Insurance, sec. 291, note; Bailey v. Insurance Co., 16 Hun., 503, 506; Bills v. Insurance Co., 87 Texas, 547. As under our findings the amount of the damages in this case equalled the sum of the verdict, without reference to the piano, this issue of mortgage vel non becomes immaterial.

One of the defenses relied upon were alleged false claims and statements made by the assured, in violation of the following clause in the policy: "All fraud or attempted fraud or false claims, and all false representations or statements to this company or its adjusting agents, and any false statements in the proofs or adjusting of the loss, shall cause a forfeiture of all claims on this company, and shall be a full bar to any recovery for loss under this policy."

In this connection it is urged that the court erred in refusing an instruction to the effect that if Mrs. Augusta Ault "knowingly and wilfully represented to the defendant or its agents, in the first schedule of property destroyed and submitted by her to its adjusting agents, that she was the sole and unconditional owner of the piano which was mortgaged to Collins & Armstrong Co., then the plaintiff could not recover, and they should find for the defendant."

This charge was properly refused, for the following reasons:

1. We fail to find any evidence that Mrs. Ault made the fraudulent representations referred to.

2. The issue refers to the title of the assured as affected by the mortgage on the piano. The court in its general charge instructed the jury to find for the defendant unless its agent was informed of the mortgage at the time of the execution of the policy. If the company already had such knowledge, any representation made as to the exclusive character of the assured's title could not have reasonably deceived the appellant, would have been consequently immaterial, and hence could not avail the defendant. Fraudulent representations must be as to a material matter. 2 May on Insurance, 477.

3. The instruction bears upon the issue of mortgage vel non, which for the reason stated under the preceding assignment of error becomes immaterial under our finding.

We order an affirmance of the judgment.

*Affirmed.*

Delivered January 18, 1896.