SUN MUTUAL INSURANCE COMPANY v. JAMES W. TUFTS ET AL.

Decided December 3, 1898.

**1. Fire Insurance—Pleading—Insurable Interest of Lienholder.**

An insurable interest in plaintiff in an action upon a policy of insurance is averred by a petition alleging that the policy was payable to him as his interest might appear, and that he had a lien on the property to secure an indebtedness due him by the persons to whom the policy was issued which existed at the time of the fire.

**2. Same—Divisible Insurance—False Swearing—Charge.**

The failure to submit to the jury in an action on a policy of insurance an issue as to fraud or false swearing which could only have affected the recovery as to the loss on stock, is not reversible error where the policy was divisible, and it is apparent from the evidence and verdict that nothing was allowed for loss on stock.

**3. Same—Same—Iron Safe Clause.**

A policy of insurance for a gross premium placing specific amounts of insurance upon fixtures, on furniture, and on stock, is divisible, and a breach of a provision in the policy with reference to the keeping and protection of books and inventory of the stock only affects the right to recover the loss on the stock.

**4. Same—Three-fourths Clause.**

An insurer under a policy of fire insurance containing a three-fourths loss clause, and covering a specified amount on two or more items, can not be held liable for damage to the property insured for an amount greater than three-fourths of the value of each item separately, not exceeding the amount of insurance thereon.

**5. Same—Increased Hazard—Change of Business.**

That the insurance rate on property used in the restaurant business is higher than the rate on the same property when used in the confectionery and ice cream business is not conclusive that a change from the latter to the former business is an increase of hazard.

ERROR from Ellis. Tried below before Hon. J. E. DILLARD.

*Thompson & Wood,* for plaintiff in error.

No brief for defendants in error.

RAINEY, ASSOCIATE JUSTICE.—Appellant insurance company issued to Brooks Bros., interveners below, a policy insuring against loss by fire for $1150, covering a soda fountain and fixtures for $650, carpets, tables, chairs, etc., for $150, and stock of candies, confectioneries, etc., for $350, with loss payable to J. W. Tufts as his interest might appear. Said property was destroyed by fire during the life of the policy. The appellant declined to pay the loss and J. W. Tufts brought suit, alleging that said policy was delivered to him though not formally indorsed; that he had a lien on the soda fountain covered by said policy given to

secure an indebtedness due him by said Brooks Bros., which debt and lien was valid and existing at the time of the fire.

Brooks Bros. intervened, claiming that they were entitled to any excess that might be recovered above the indebtedness due by them to the said Tufts.

The insurance company answered by general and special demurrers, by general denial, and specially, that said policy had been forfeited by violations of the "iron safe clause," the clause prohibiting the keeping and use of gasoline on the premises, the clause against increase of hazard, and the clause against fraud and false swearing. Plaintiff by supplemental petition alleged waiver, etc., of said clauses, and other facts preventing forfeiture. A trial was had before a jury, resulting in a judgment against the company for $811.87, of which sum $567.50 was in favor of plaintiffs and the balance in favor of the interveners. The insurance company appeals. No briefs are filed by appellees.

The court below overruled defendant's exceptions, general and special, to plaintiff's petition, of which action the appellant complains, its proposition in effect being that no allegation of ownership in the property by the insured was made which was necessary to warrant a recovery. The allegation of plaintiff that the policy was payable to him as his interest might appear, and that he had a lien on the property to secure an indebtedness due him by Brooks Bros. which existed at the time of the fire, was a sufficient allegation of insurable interest in the plaintiff to show a right of action in him, and the court properly overruled the exceptions.

The court refused to give a special charge requested by defendant to the effect that if the assured was guilty of fraud and false swearing defendant would be entitled to a verdict.

The only evidence of fraud or false swearing is, that one of the Brookses testified on the stand that an inventory had been made and was entered in the book, about which he was being interrogated, when it was first handed to one Florian, defendant's agent, while said Florian swore that said Brooks told him no inventory had been made, and none was entered in said book when first handed to him. We think this evidence did not raise the issue of fraud and false swearing and the court did not err in refusing to give said instruction. If it should be conceded that such an issue was raised, the action of the court was harmless. The evidence pertained only to a violation of the "iron safe clause," and as that policy was divisible, it could affect the recovery as to the loss on stock only, and it is evident from the evidence and verdict that nothing was allowed for loss on stock.

It is clear that the "iron safe clause" was breached, but as before stated, the evidence and verdict showing the loss on stock was excluded by the jury, the appellant has no ground of complaint on this score. It is insisted by appellant that the policy being issued for a gross premium was entire, and under the terms of the policy, the violation of this clause rendered the entire policy void. The terms of the policy in

reference to the set of books to be kept by the assured provides, "and unless such books and inventories are produced and delivered to this company for examination this policy shall be null and void, and no suit or action shall be maintained hereon." The clause under consideration related only to the stock of merchandise. The books and inventories to be kept could serve only one purpose, that of affording means by which the amount of loss on stock could be ascertained, and had no relation whatever to the other property. There was a specific amount of insurance placed upon the stock to wit, $350, and also a specific amount on each of the other items. This we think made the policy divisible, and the breach of this clause did not render the policy void in toto, but prevented a recovery for loss on stock.

The court's charge on the question of waiver as to the keeping or use of gasoline was sufficient, and there was no error in refusing the requested charge on this issue.

The policy provided, that "in the event of loss under this policy this company shall not be liable for an amount greater than three-fourths of said loss (not exceeding the sum hereby insured)," etc. The court charged in effect that if the "iron safe clause" was violated it would affect the recovery only as to the stock of merchandise, and then instructed the jury that if they found the policy had not been forfeited as to the soda fountain, etc., and the carpets, tables, etc., to "find for the plaintiff for a sum of money equal to three-fourths of the cash value of said property (the soda fountain and carpets, etc.) at the time it was destroyed by fire," with 6 per cent interest, not to exceed $1150. Appellant complains of this charge, and submits the proposition that "where a policy of fire insurance, containing the three-fourths loss clause, covers a specified amount on two or more items, as in this case, the insurer can not be held liable for loss or damage to the property insured for an amount greater than three-fourths of the value of each item separately, not exceeding the amount of insurance thereon." This proposition is correct when applied to personal property, therefore the paragraph of the charge of the court complained of is error, as it was calculated to lead the jury to believe they could render a verdict for three-fourths of the aggregate value of the two items, not to exceed the amount for which such items were insured, when each item should be considered separately.

It is not clear that the jury were not misled by the charge, as the evidence would warrant a verdict for a smaller amount. It is manifest from the evidence that a recovery for $668.25, and interest, $55.13, was authorized. The verdict rendered was for $750 and interest, $61.87, an excess of $88.50.

If said excess is remitted within twenty days the judgment will be affirmed, otherwise it will be reversed and cause remanded.

There was no error in the court refusing appellant's special charge relating to the burden of proof, as it was covered by the general charge.

We deem it unnecessary to discuss the other assignments presented.

The evidence showed the issuance of the policy, the loss of the property by fire, and entitled plaintiff and intervener to recover. The evidence relating to the defenses interposed by appellant was conflicting except as to the "iron safe clause," but was sufficient to warrant a verdict thereon against the appellant. With the exception above pointed out the charge of the court was full and fair on all the issues presented. The judgment will therefore be affirmed, subject, however, to the remittitur above stated.

*Affirmed on remittitur entered.*

### ON MOTION TO FILE ADDITIONAL FACTS.

The appellant has requested that we file additional conclusions of fact, and in compliance therewith we find the following: That at the time the policy sued on was issued, namely, May 20, 1895, the business conducted in the premises described in the policy of insurance sued on was an ice cream and confectionery business. On September 10th, afterwards, the assured opened up therein, in addition thereto, a restaurant business. The policy sued on contained the following provision: "This entire policy, unless otherwise provided by agreement introduced herein or added hereto, shall be void if the hazard be increased by any means within the knowledge or control of the insured." The conducting of the restaurant business in connection with the ice cream and confectionery business in said premises described in said policy would have taken a 1 per cent higher rate of carrying insurance thereon.

In addition to the above conclusions, we are asked to conclude that the conducting of the restaurant business was an increase in the hazard. We are of the opinion that the fact that a higher rate for carrying insurance thereon would be charged does not conclusively show that conducting said business was an increase in the hazard, and a finding to that effect is not warranted by the evidence, especially so when in conflict with the verdict of the jury. The court correctly charged the jury on this issue, and the evidence is sufficient to support their verdict.

Writ of error refused.