STATE MUT. FIRE INS. CO. v. KELLNER.
(No. 342.)

(Court of Civil Appeals of Texas. El Paso.
July 2, 1914. Rehearing Denied
Oct. 5, 1914.)

1. INSURANCE (§ 335*) — FORFEITURE — KEEP-
ING INVENTORY—ENTIRE OR SEVERABLE CON-
TRACT.

In determining whether a clause in a policy insuring a building, fixtures, and a stock of merchandise, providing that the policy should be void unless an inventory and a set of books were kept, applied to the insurance on the building and fixtures, the policy would be construed as a whole to determine whether there was anything in its language indicating that it was understood by the parties, or should have been understood by them, that the clause would apply to property other than the stock of merchandise, and the policy would not be construed as entire, unless its express provisions compelled such construction.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 852, 853; Dec. Dig. § 335.*]

2. INSURANCE (§ 335*)—FORFEITURE—KEEP-
ING INVENTORY—ENTIRE OR SEVERABLE CON-
TRACT.

A policy of insurance, specifying different amounts of insurance on a building, the furniture and fixtures therein, and a stock of merchandise, provided that the insurer should not be liable for the amount carried in excess of three-fourths of the actual value of each item; that insured would take an inventory at least once a year; and that unless such inventory, with a set of books showing the complete record of business transacted since the taking of the inventory, was on hand at the date of the policy, one should be taken within 30 days thereafter or the entire policy should be null and void, and that, in case of loss or damage to the personal property mentioned therein, the books must be delivered to the company. Held, that the policy was severable, and the failure to take an inventory and keep a set of books did not avoid the insurance on the building, furniture, and fixtures; it appearing that the purpose of the provision, requiring an inventory and set of books, was to provide evidence to show the loss sustained, and the failure to take an inventory, would not increase the hazard, nor would the taking thereof prevent fraud.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 852, 853; Dec. Dig. § 335.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by Louis Kellner against the State Mutual Fire Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Mangum & Townsend, of San Antonio, and Ring, Carothers & Brown, of Houston, for appellant. Barkley & Green, of Houston, and Marsene Johnson, of Galveston, for appellee.

HARPER, C. J. This is a suit by appellee, Louis Kellner, on a fire insurance policy issued by appellant, the State Mutual Fire Insurance Company, on July 1, 1911, insuring appellee's property against loss by fire to the amount of $2,000, in the amount and upon the following property, to wit: $1,000 on a two-story shingle roof, frame building; $900 on stock of merchandise in said building; and $100 on the store and office furniture and fixtures in said building—all of which property was destroyed by fire on the 3d day of February, 1912.

The appellant, defendant in the court below, pleaded breach of warranty on the part of appellee in failing to make inventories and prepare and keep a set of books as required by policy, and that thereby, and in accordance with the terms of the policy, the entire policy was rendered null and void.

The appellee excepted to all of the appellant's plea of breach of warranty and failure to comply with the provisions of the policy, in so far as the same were pleaded as a defense to the suit seeking to recover for the loss of the building and fixtures, on the ground that the same constituted no defense to the amount of insurance due on account of the loss of the building and fixtures.

The trial court sustained said demurrer, and held that the same set up no defense to appellee's rights to recover for the fixtures and building. The case was tried by the court, who rendered judgment for appellee in the sum of $1,100, with interest thereon at 6 per cent. from April 3, 1912, from which this appeal is perfected.

The assignments of error presented by appellant's brief urge that the policy sued upon was rendered entirely void by reason of the failure of appellee to comply with the following clause of the policy:

"The assured (Louis Kellner) will take a complete itemized inventory of stock on hand, at least once in each calendar year and within twelve months of the last preceding inventory, if such has been taken. Unless such inventory has been taken within twelve calendar months prior to the date of this policy, and together with a set of books, showing a complete record of business transacted since the taking of said inventory, is on hand at the date of this policy, one shall be taken within 30 days after the date of this policy, or in each or either case this entire policy shall be null and void."

There is no statement of facts in the record, and the finding of facts by the trial court are very meager.

The first paragraph of the findings, as it applies to the facts, is:

"There is no dispute as to the facts. The two policies described in the petition were issued, and the house was destroyed by fire before the expiration of the policies, and the plaintiff only seeks to recover for the loss of the building and fixtures under the policy issued July 1, 1911."

This finding by the trial court is in effect that the allegations of plaintiff are true, viz.:

"That on the 1st day of July, A. D. 1911, said defendant, in consideration of the payment of $45 to the defendant, insured plaintiff from the 1st day of July, A. D. 1911, to the 1st day of July, A. D. 1912, against all direct loss or damage by fire to an amount not exceeding $2,000, same being issued in the amounts and upon the property hereinafter described, to wit: $1.000 on the two-story shingle roof frame building while occupied for the purpose of a general mercantile store and dwelling, and situated on Chocolate Bayou, in Brazoria county, Tex., and being on lot No. 12 in block No. 45, such insurance on said building including the foundation

awnings (except cloth awnings), permanent pipings, and fixtures for heating and water service; $900 on plaintiff's stock of merchandise, consisting principally of dry goods (work clothes), notions, etc., and groceries and other merchandise, such as is usually kept for sale in a general mercantile store, while contained in the building above described; and the further sum of $100 on the store and office furniture and fixtures, including counters, shelving, iron safe, typewriters, and cash registers while contained in the building above described. That on or about the 3d day of February, A. D. 1912, and while said above-described policies were in full force and effect, said general mercantile store and dwelling house, and all contents thereof, was completely and totally destroyed by fire, and at the time was the property of the plaintiff, and that the building used as such general mercantile store and dwelling house was, at the time of the destruction thereof, reasonably worth the sum of $1,800. That the furniture and fixtures thereon were, at the time of the issuance of said last-described policy, and at all times after said last date, and up to the destruction thereof, the property of the plaintiff, and worth the reasonable value of $300."

The plaintiff's demurrer to defendant's answer having been sustained, the allegations contained in the answer are to be taken as true, viz.:

"Said defendant says that the policies sued on were issued by defendant and accepted by plaintiff, and each of them, subject to certain stipulations and conditions indorsed thereon, added thereto, and made a part of said policies, and each of them, which were the three-fourths value clause and record warranty clause, and that said policies were so accepted by plaintiffs, and each of them, subject to said clauses, and each and all of the terms conditioned in said clauses. That said policies, and each of them, provide that the defendant company did insure the property contained in each of them against all direct loss or damage by fire and lightning, except as in such policies and on the property described, in each of said policies respectively, while located and contained as described in such policies, and not elsewhere. That it is provided in each of said policies that the insurance mentioned in each of them is effective, subject to the following conditions, to wit: That, in the event of loss or damage by fire to the property insured under this policy, defendant company should not be liable for the amount carried in excess of three-fourths of the actual value of each item of property insured by the policy at the time immediately preceding such loss or damage. That the following covenants were made a part of each of said policies and the warranty upon the part of the insured, and the insurance effected, if any, was subject to the following conditions: (1) That the insured agreed and binds himself to take, and that he would take, a complete itemized inventory of stock on hand at least once in each calendar year, and within 12 months of the last preceding inventory, if such has been taken at the time of the issuance of the policy. That unless such an inventory has been taken within 12 calendar months prior to the date of the policy, and, together with a set of books showing the complete record of business transacted since the taking of such inventory, is on hand at the date of the policy, and in each or either case the entire policy should be null and void."

Defendant further alleged that:

"It is further provided in said warranty clause that the assured will preserve all inventories taken after the issuance of the policy, and, in case of loss or damages insured against to the personal property mentioned herein, said books and inventories must be delivered to defendant company or the entire policy shall be null and void, and no suit shall be maintained thereon for any such loss. And defendant further charged that plaintiff failed to comply with said provisions," etc.

[1] The policy must be construed as a whole to determine whether there is anything in its language that would indicate that it was understood by the parties to it, or should reasonably have been understood by them, that the forfeiting clause would, in case of fire, apply to anything enumerated in the policy, except the goods in the building. Roberts Willis & Taylor Co. v. Sun Mut. Ins. Co., 13 Tex. Civ. App. 64, 35 S. W. 955.

In other words, from the terms of the policy, can it be said that the insured was charged that unless he took an inventory, and preserved the books in which same was recorded, he forfeited his right to recover the value of the other items separately named and valued therein? The decisions are in conflict as to insurance of buildings and contents being severable, but the rule in Texas seems to be well settled that the policy will not be construed to be entire, unless the express provisions thereof compel such construction.

"The language [of the policy] was selected by the defendant to express the terms of forfeiture imposed by it, and language will be strictly construed against it for that, and for the additional reason that forfeitures are not favored and will not be declared unless the case comes within the terms prescribed." Bills v. Hibernia Ins. Co., 87 Tex. 551, 29 S. W. 1064, 29 L. R. A. 706, 47 Am. St. Rep. 121.

[2] Among the provisions in the policy which indicate that the policy is severable are the following (the policy has not been transmitted to us, but the quotations are from the allegations in defendant's answer):

"In event of loss by fire, * * * defendant company shall not be liable for the amount carried in excess of three-fourths of the actual value of each item."

And following this is the clause requiring the inventory to be taken and preserved. And, in case of loss or damage to the personal property mentioned herein, said books must be delivered to defendant. The language of the policy quoted clearly indicates that the purpose was only to provide evidence to show the loss sustained. The failure to take an inventory would not increase the hazard, nor would the taking of an invoice prevent fraud. Fraud would vitiate the entire contract, regardless of such provisions, so the failure of plaintiff to observe that feature of the contract in no way added to the liability of the company or its risks, and, under the facts of this case, the assured would have been justified in concluding that his neglect to provide the invoice would simply result in losing the amount of insurance placed upon the stock of goods.

Affirmed.

HIGGINS, J. I concur in the order affirming this cause. I am of the opinion the contract of insurance is divisible, and that the insurance of $900 upon the stock of merchan-

dise is severable from the $1,100 upon the building, furniture, and fixtures, and the breach of the warranty pertaining to the first item would not invalidate that portion of the policy pertaining to the latter, so as to preclude recovery thereon. Ins. Co. v. McKinley, 14 Tex. Civ. App. 7, 37 S. W. 606; Roberts v. Ins. Co., 13 Tex. Civ. App. 64, 35 S. W. 955; Ins. Co. v. Green, 36 S. W. 143; Ins. Co. v. Tufts, 20 Tex. Civ. App. 147, 50 S. W. 180; Ins. Co. v. Brady, 41 S. W. 513; Ins. Co. v. Freeman, 33 S. W. 1091; Ins. Co. v. Luckett, 12 Tex. Civ. App. 139, 34 S. W. 173.

The word "entire," as used in the clause "this entire policy shall be null and void," does not warrant a change of interpretation of the contract from that stated in the cases cited. Miller v. Ins. Co., 14 Okl. 81, 75 Pac. 1121, 65 L. R. A. 173, 2 Ann. Cas. 17.