HOME LIFE & ACCIDENT CO. v. GENERAL BONDING & CASUALTY INS. CO. (No. 7609.)

(Court of Civil Appeals of Texas. Dallas. Oct. 14, 1916. Rehearing Denied Nov. 11, 1916.)

1. INSURANCE ⚹514—LIABILITY OF INSURER —INDEMNITY INSURANCE.

Under an employer's liability insurance policy, providing that no action should lie, unless it should be brought by the insured for loss actually sustained and paid in money by the insured in satisfaction of a judgment, where insured became bankrupt after the affirmance of a judgment on a claim covered by the policy, and the surety on its appeal bond paid off the judgment, took an assignment thereof and an assignment of the policy, it was entitled to recover against the insurer as the situation was the same as though insured had borrowed the money and paid the judgment and then transferred it to the surety, and the surety was entitled to all the rights of insured under the policy.

2. INSURANCE ⚹622(2) — ACTIONS — LIMITATION BY POLICY—VALIDITY.

Under Rev. St. 1911, art. 5713, providing that it shall be unlawful to enter into any stipulation, contract, or agreement whereby the time in which to sue thereon is limited to a shorter period than 2 years, and that no stipulation, contract, or agreement for any shorter limitation shall be valid, a provision in an employer's liability insurance policy that no action should lie, unless brought within 90 days after final judgment against the insured had been paid and satisfied, did not prevent the bringing of the action more than 90 days after the payment of the judgment.

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Action by the General Bonding & Casualty Insurance Company against the Home Life & Accident Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Seay & Seay, of Dallas, for appellant. Locke & Locke, of Dallas, for appellee.

RAINEY, C. J. This suit was brought by appellee to recover of appellant on an accident insurance policy commonly called an employers' liability policy, issued by appellant to Fred A. Jones Company. From the judgment rendered by the court, without the intervention of a jury, in favor of appellee, this appeal is taken by appellant.

The policy insured the Fred A. Jones Company against loss by reason of any accident to any of its employés. During the life of said policy Charlie Drake, an employé of the Jones Company, was injured. Drake sued the Jones Company for damages, and appellant undertook to defend said suit in the name of said Jones Company. A judgment was rendered in said suit against said Jones Company in favor of Drake for $1,500. An appeal was taken by said Jones Company, as desired by appellant. Jones Company executed a supersedeas bond, with the appellee as surety. Said appeal was affirmed by the appellate court. Pending the appeal said Jones Company became insolvent and was adjudged a bankrupt. After the mandate was filed appellee paid off the judgment, took an assignment thereof, and in exchange of the policy released said Jones Company from all liability on account of the judgment. Said policy, among other things, contained the following provision:

"No action shall lie against the company to recover for any loss under this policy, unless it shall be brought by the assured for loss actually sustained and paid in money by the assured in satisfaction of a judgment after trial of the issue, nor unless such action is brought within 90 days after final judgment against the assured has been so paid and satisfied. The company does not prejudice by this condition any defense against such action that it may be entitled to make under this policy."

It is admitted that the Fred A. Jones Company did not pay in money, or in any other way satisfy, said judgment secured against it by said Charlie Drake, save and except in the manner herein stated; that this appellant, the Home Life & Accident Company, did not have any notice of, nor did it consent in any manner to, the transferring of its policy issued to the said Fred A. Jones Company to the General Bonding & Casualty Insurance Company, or to any other person.

Appellant complains by its first assignment of error that the judgment is contrary to law and the evidence, and proceeds to set forth the salient features of the evidence. The propositions submitted are three in number, which we will group, and are as follows:

---

⚹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

First. "A clause in an employers' liability policy to the effect that no action shall lie against the company to recover for any loss under the policy, unless it shall be brought by the assured for loss actually sustained and paid in money by the assured in satisfaction of a judgment after trial of the issue, nor unless such action is brought within 90 days after final judgment against the assured has been so paid and satisfied, is binding; and where before a judgment is paid the assured becomes insolvent, and the judgment is paid by the surety on the assured's appeal bond more than 90 days before suit is brought, who signed the appeal bond at the request of the assured, and the surety subsequently pays the owners of the judgment and takes an assignment of the same, as well as of the policy, from the assured and its trustee in bankruptcy without the consent of the company issuing the employers' liability policy, such is not a payment in compliance with the policy as would render the company issuing the employers' liability policy liable to the surety company going upon the assured's appeal bond."

Second. "An employers' liability policy is not a negotiable instrument, and cannot be legally assigned by the assured to any person without the consent of the company issuing the policy."

Third. "Where an insurance policy provides, 'No action shall lie against the company to recover for any loss under this policy, unless it shall be brought by the assured for loss actually sustained and paid in money by the assured in satisfaction of a judgment after trial of the issue, nor unless such action is brought within 90 days after final judgment against assured has been so paid and satisfied,' and the record shows that judgment became final on March 25, A. D. 1914, and was paid and satisfied by the surety company on assured's appeal bond on April 22, A. D. 1914, and assigned by the owners of said judgment on said date to said surety, and suit was not filed until September 15, A. D. 1914, by such surety against the insurance company, then, even if this be construed to be payment by assured in compliance with such provisions in said policy, and such surety is thereby subrogated to the rights of the assured as if paid by assured, such payment and subrogation took place on April 2, A. D. 1914, and suit was filed on September 5, A. D. 1914; it came too late to comply with the provision, 'nor unless such action is brought within 90 days after final judgment against the assured has been so paid and satisfied.' "

[1] Under the facts as detailed we are of the opinion that the appellee was entitled to recover on the policy. Appellee having been forced to pay the judgment for the Jones Company, it became entitled to all the rights possessed by the Jones Company under the policy sued on. The Jones Company, who secured the appellee to make the appeal bond, procured the payment of the judgment, and as far as appellant's liability on its policy is concerned, it is not changed, and it stands as though the Jones Company had borrowed the money, and therewith paid off the judgment, and then transferred the judgment to appellee. In such a case the Jones Company could have recovered on the policy. So in the present case we see no difference as to the right of appellee to recover on the policy. The principle announced in Casualty Co. v. Omaha Electric L. & P. Co., 157 Fed. 514, 85 C. C. A. 106, is applicable in this case.

[2] Article 5713, R. S., prevents the entering into agreements for the right to sue to be limited to 90 days from the accrual of an action; hence appellee not having brought his action within 90 days from the payment of the judgment is not barred. Insurance Co. v. Luckett, 12 Tex. Civ. App. 139, 34 S. W. 173; Ass'n v. Bosworth, 156 S. W. 346.

What has heretofore been said herein disposes of the second assignment of error.

The judgment is affirmed.