## CHAMBERS v. NORTH BRITISH & MERCANTILE INSURANCE CO., Limited.

### No. 1707.

Court of Appeal of Louisiana. First Circuit.

June 9, 1937.

St. Clair Adams and St. Clair Adams, Jr., both of New Orleans, for appellant.

Lewis & Lewis, of Opelousas, for appellee.

OTT, Judge.

On August 27, 1935, the defendant company issued a policy of fire insurance in favor of plaintiff by which it insured plaintiff against loss or damage by fire not exceeding $3,000 on one two-story frame building in the sum of $2,000 and on household and personal effects in the sum of $1,000. The property was totally destroyed by fire on June 12, 1936. The company paid the loss on the household effects without question, but offered to pay only one-half the amount of insurance on the building for the reason that prior to the fire and after the issuance of the policy, plaintiff had secured a judgment of separation from her husband and the insured building was decreed to be community property, and owned by the plaintiff and her husband in the proportion of an undivided half each; that the policy was a valued policy wherein the insured property was valued at $2,000, and, as plaintiff only owned a half interest in the property, she could only collect one-half of the insurance, which was her insurable interest in the property. This amount was accepted by plaintiff with full reservation of her right to sue for the balance.

This suit is for the balance of $1,000 plus 12 per cent. statutory penalty, interest, and attorney's fees. Judgment was rendered by the trial court for the amount claimed, with the 12 per cent. penalty, legal interest from the date of the fire, plus $250 attorney's fees. The defendant company has appealed.

It is the contention of the defendant insurance company that when the policy was issued to the plaintiff the value of the house was fixed at $2,000, and under the provisions of the valued policy law of this state, Act No. 135 of 1900, this valuation is conclusive on all parties to the contract, and, therefore, as the judgment of separation fixes plaintiff's interest in the property at an undivided one-half, she cannot recover more than one-half the value of the property fixed and assessed in the policy.

Prior to the passage of the above act, an insurance company could issue what is known as an open policy wherein it could limit its liability to the actual cash value of the property destroyed by fire, or to a certain proportion of the loss such as three-fourths or require the insured to become a co-insurer for a certain amount. The evident purpose of the valued policy law was to fix the value of the property in the policy and require the insurer to pay the face of the policy when the property is immovable by nature and is totally destroyed, irrespective of the actual cash value or any restrictions in the policy as to the amount of the liability. Tilley v. Camden Fire Ins. Association, 139 La. 985, 72 So. 709.

Section 1 of Act No. 135 of 1900 reads as follows:

"Whenever any policy of insurance against loss by fire is hereafter written or renewed, on property immovable by nature and situate in this State, and the said property shall be either partially damaged or totally destroyed, without criminal fault on the part of the insured or his assigns, the value of the property as assessed by the insurer or as by him permitted to be assessed at the time of the issuance of the policy, shall be conclusively taken to be the true value of the property at the time of the isssuance of the policy and the true value of the property at the time of the damage or destruction. Provided, that nothing herein shall be so construed as to prevent the insurer previous to the damage or destruction of property from reducing the insurance thereon."

Section 2 of the act provides that when a policy is issued in this state against loss by fire, and the property shall be totally destroyed without criminal fault on the part of the insured or his assigns, the full amount of the insurance on the property shall be paid by the insurer.

It is clear, when we consider the history and purpose of this law, as well as the language used by the lawmakers, that the intention of the act was to bind the insurer to a definite and fixed amount which becomes due upon the total destruction of the insured property, if immovable by nature, and prohibits the insurer from claiming that the cash value of the property was less than the face of the policy, and prevents the insurer from limiting its liability to a certain proportion of the loss. Indeed, the very words used in the act seem to indicate an intention to bind the insurer to a specific valuation, for the act says, "the value of the property as assessed by the insurer or as by him permitted to be assessed at the time of the issuance of the policy, shall be conclusively taken to be the true value of the property at the time of the damage or destruction."

The effect of the valued policy is thus stated in Corpus Juris, vol. 26, p. 354, par. 453:

"Fire policies are ordinarily open and not valued policies; but in many jurisdictions there are statutory provisions, commonly called the valued policy laws, which give to fire policies, to some extent the effect of valued policies, by making the full amount of the insurance named in the policy payable in the event of a total loss without further evidence as to the actual loss, and limiting the recovery to that amount."

In other words, the effect of such a law is to recognize the right of the insurer to limit its liability to the face of the policy and also to recognize the right of the insured to fix his right of recovery to a definite sum in case of a total loss; the insurer knows that its liability cannot be above the face of the policy, and the insured knows that his recovery will not be below the face of the policy.

But where the interest of the insured in the property destroyed is less than the face of the policy, whether the policy be a valued policy under the law, or merely an open one, the amount of the recovery cannot exceed the value of the interest of the insured in the property. The law does not prevent the insurer from contesting the value of the insurable interest of the insured in the property as the insured cannot be permitted to recover

more than his insurable interest in the property. Lighting Fixture Supply Co., Inc., v. Pacific Fire Ins. Co., 176 La. 499, 146 So. 35.

We think that learned counsel for defendant is correct in relying on the cited case in his contention that the plaintiff in the present case can recover no more than her insurable interest in the property destroyed by fire. But we disagree with him in his contention that, under the valued policy law, plaintiff is restricted in proving the value of her interest by the valuation of the property assessed by the insurer or by it permitted to be assessed at $2,000. Certainly, if the insurer can prove that the value of plaintiff's interest in the property is worth less than $2,000, she has a right to prove that her interest and consequent loss equaled or exceeded that amount, restricting her recovery, of course, to the face of the policy. In fact, we think that is the effect of the holding of the Supreme Court in the cited case.

■ Such is the general rule, as will be seen from another quotation from Corpus Juris, vol. 26, p. 358, par. 459, as follows:

"In the absence of fraud or mistake, and where not otherwise limited by the policy, if the insured has an insurable interest at the time the policy is obtained and also at the time of the loss he is entitled to recover the whole amount of the loss not exceeding the amount of the insurance, regardless of the nature or extent of his peculiar interest."

■ In the present case the testimony shows that the value of the house on which the insurance was carried was approximately $7,000. Therefore, the half interest of plaintiff in the property was worth far in excess of the amount which the defendant agreed to pay her in case of a loss by fire. The liability of the defendant must be fixed at the face value of the policy, and as it has paid only $1,-000 of this liability, plaintiff is entitled to recover the balance of $1,000.

■ The judgment allowed the 12 per cent. penalty on the balance due, not including interest. This is correct. Marine Bank & Trust Co. et al. v. Home Ins. Co., 170 La. 193, 127 So. 598.

Under section 3 of Act No. 168 of 1908, the amount of the loss was due by the defendant within sixty days after proof of loss was submitted by the insured. The fire occurred on June 12, 1936, but it does not appear from the pleadings nor the evidence as to when proofs were submitted.

■ Interest on the balance due and on the penalty should therefore begin from judicial demand and not from the date of the fire as fixed in the judgment.

The judgment allowed attorney's fees of $250. We find that the reasonable attorney's fees which the plaintiff is allowed to recover in cases of this kind under Act No. 168 of 1908 have ranged between 10 and 15 per cent. of the amount recovered. Federico Macaroni Mfg. Co. v. Great Western Fire Ins. Co. et al., 173 La. 905, 139 So. 1, 79 A.L.R. 1256; Bell, Inc., v. Security Ins. Co., 175 La. 599, 143 So. 705; Martino v. Phoenix Fire Ins. Co., 9 La.App. 337, 120 So. 511.

■ Without any intention of appraising the value of the attorney's fees in this particular case, but with the view of harmonizing the allowance with the jurisprudence of the state, we will reduce the allowance to $175, which is slightly over 15 per cent. of the principal and penalty of the judgment.

For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby amended by allowing plaintiff interest at the rate of 5 per cent. per annum on the amount of the judgment, principal, and penalty, from judicial demand until paid, and reducing the amount of attorney's fees from $250 to $175, and as thus amended, the judgment is affirmed; appellee to pay the cost of the appeal, and the appellant to pay all other cost.

LE BLANC, Judge (dissenting).

I find myself unable to agree with the prevailing opinion in support of the decree herein handed down on the interpretation placed on Act No. 135 of 1900, known as the "Valued Policy Law" in Louisiana. The law undoubtedly has for its purpose the fixing and establishing of the value placed on the insured property in the policy, as the true value thereof for the purpose of insurance and of settling the loss in the event of the destruction of the property. The wording of the statute is that it "shall be conclusively taken to be the true value" not only at the time of the issuance of the policy, but at the time of the damage or destruction of the property as well. True, it refers to the value as

assessed by the insurer or by him permitted to be assessed, but I don't understand why that of itself should make the provision binding on the insurer alone. Applying such an interpretation to the statute would make it mean that the assured has the right to question the value of the property once it has been assessed in the policy, but that the insurer is precluded from doing so.

In my opinion, it would be an inequitable and a rather unjust and unfair law which would make a certain provision in a contract binding on one of the parties thereto, but not binding on the other.

For these reasons, I respectfully dissent from the majority opinion and decree herein handed down.