## CAMDEN FIRE INS. ASS'N v. BROWN.

### No. 13558.

Court of Civil Appeals of Texas.
Fort Worth.

June 11, 1937.

Rehearing Denied Oct. 1, 1937.

Thompson, Knight, Baker & Harris and Will C. Thompson, all of Dallas, for appellant.

Marvin B. Simpson and Harris Brewster, both of Ft. Worth, for appellee.

BROWN, Justice.

Appellee alleged that he furnished the materials and labor and installed the electrical wiring, fixtures, and appliances for what was known as the Sylvan Night Club, situated on the Dallas pike near the city of Arlington; that he was not paid the full price for same by the owners, Cecil Lively, E. L. Thomas, and Albert Davis; same being $3,220.97, but that a balance was due him in the sum of $1,145.97; that he had an equitable and constitutional lien by reason of being an original contractor and materialman, and that he fixed a statutory lien by filing same in the manner prescribed by law, in the office of the county clerk of Tarrant county, on September 28, 1934 (his oral contract having been made with the owners on or about June 1, 1934); that he applied to appellant's agent for an insurance policy to protect him against loss by fire, on or about June 1, 1935, and such policy was issued in the sum of $1,100. The policy shows a coverage of "$1100.00 on electric fans, electric wiring and electric fixtures," and none on the building. He alleged that he advised appellant's agent of the facts concerning his debt, claim, and lien and that the agent issued the policy with full knowledge of the facts; that he relied upon the statements of such agent that the policy as written and delivered would protect him against loss by fire. He alleged that the agent was guilty of fraud in writing the policy as same was written. He prayed for a reformation of the policy so as to make same speak the true contract as made by the parties and alleged the preparation of same through mutual mistake. The contract says nothing of any debt, or lien, but simply runs to appellee just as if he were the owner of the property insured. He alleged that the Sylvan Night Club was destroyed by fire on or about June 26, 1935; that he gave notice, proof of loss, etc., to appellant, demanded payment, and that liability was disclaimed.

Appellant answered by general denial; that, under the policy, the interest of the in-

sured (which was not unconditional and sole) was not such that appellee could recover; that the policy had been canceled prior to the fire; that the insured's policy only covers the amount of $1,100, and contains provisions limiting the liability to three-fourths of the cash value of each item insured; that other policies of insurance were issued and outstanding against the same property; that appellant has denied liability, and that no premium was paid by appellee, and prayed for judgment for such premium, in the event judgment was rendered against it. It also pleaded: "That if defendant should be held liable herein, it says that it is entitled to succeed to all of plaintiff's rights against those persons liable for plaintiff's debt, and it asks in that contingency to be subrogated to all of plaintiff's rights to the extent of any liability found against it, and prays for general relief."

Appropriate allegations were made by appellee in answer to this pleading.

The case was tried to a jury, and, on the issues submitted and the answers returned, the trial court rendered judgment for appellee against appellant in the sum of $1,100 with 6 per cent. interest from October 1, 1935.

Defendant below, and appellant here, brings the cause before us on a proper appeal. There are 57 assignments of error followed by 24 propositions.

To copy each assignment of error and proposition would unduly prolong an opinion that will of necessity be quite lengthy and we will endeavor to give appellant's contentions as tersely as possible.

■ (1) That appellee had no insurable interest in the property because it had been sold to innocent purchasers.

We find no such plea interposed by appellant or by any other party, but do find a written release and disclaimer executed by D. L. Thompson, the person to whom the last deed was executed. Appellant introduced in evidence a deed from J. T. Brantley to Loy Thomas, dated May 15, 1934; a deed from E. L. Thomas and Loy Thomas to A. G. Watson, acknowledged November 27, 1934; and a deed from Watson and wife to D. L. Thompson, acknowledged February 8, 1935.

In the first place, we do not believe that the issue of innocent purchaser was ever properly presented to the trial court, or is now properly presented to us. But so far as the record shows the purchasers all knew and recognized appellee's rights and, as shown, the last record owner, who held title at the time of the destruction of the property, expressly recognized appellee's rights and disclaimed all interest in the policy of insurance. That appellee had a constitutional lien on the premises we have no doubt, and we believe that the filing of his affidavit with the county clerk on September 24, 1934, was such a substantial compliance with the statutes (Vernon's Ann.Civ.St. art. 5452 et seq.) that it was altogether sufficient to put all subsequent purchasers on notice of appellee's lien, and that the question of innocent purchaser, even if properly raised, would be no bar to appellee's right to recover, under the facts in this case.

■ (2) That appellee, having no insurable interest, cannot recover.

The jury found that appellee had an interest and that he disclosed the full facts to appellant's agent when the policy of insurance was applied for and written, and that such agent told appellee that the contract would be written to cover loss by fire of appellee's interest, and further found that appellee informed appellant's said agent that a number of other creditors were taking out individual policies of insurance to cover their debts and liens.

Such a lien as appellee had is insurable. Sun Mutual Ins. Co. v. Tufts, 20 Tex.Civ. App. 147, 50 S.W. 180; Canfield v. Newman (Tex.Civ.App.) 265 S.W. 1052.

(3) That appellee had no insurable interest because he did not fix his lien prior to sale to innocent purchasers.

(4) That he had no insurable interest because he did not fix his statutory lien before a sale to innocent purchasers.

We believe we have answered these contentions supra.

■ (5) The jury having found that the insurance was to apply only to the wiring, fans, and fixtures installed by appellee, for which he had not been paid, and there being no evidence establishing the facts necessary for a recovery, the judgment is erroneous.

Appellant did not seek to reform the contract of insurance and raised no such issue as that here presented.

The policy covers all of the electrical wiring, fans, and fixtures and in no wise is limited to those not paid for.

On the evidence introduced the jury found the total amount of appellee's debt, the total sum paid him, and the balance owing, which was a few dollars more than the

face of the policy, and found that such appliances, fans, wiring, and fixtures were worth $2,100 at the time of the fire in which they were destroyed. The testimony is that the night club was destroyed by fire.

We believe the contention is not well taken.

(6) That appellee did not show the amount of loss by fire to the property insured.

We have disposed of this contention by what was said in reference to appellant's fifth contention. Destroyed does not mean injured or damaged.

(7) That there being no finding by the jury as to the amount of loss by fire to the property for which appellee had not been paid, there is no basis for the judgment.

(8) Appellee has abandoned the right to recover because there is no jury finding on the amount of loss to the property insured.

(9) There is no evidence to establish the amount of the unpaid debt on the property destroyed by fire.

What we have said in connection with the fifth contention applies here.

(10) There is no evidence to show the extent of the loss to the property installed in the building by appellee.

The evidence discloses that the entire contract was for more than $3,200 and that only a small and insignificant portion of same was not placed in the club building and that the building was destroyed by fire, and that the value of the property installed by appellee in the building was $2,100 at the time of the fire. The policy by its terms covers the property in the building.

(11) That since the jury found that the insurance was to cover the entire building and further found that it was to cover that portion of the wiring, fans, and fixtures that appellee installed and for which he had not been paid, there is no basis in the verdict for the judgment.

As we said supra, appellant did not seek by its pleading to reform the contract, and it is not worded so that it is susceptible to any construction other than that appellant insured all of the wiring, fans, and fixtures in the building.

The jury in answering issue No. 19 found that it was the mutual understanding between appellee and appellant's agent that the property to be insured under the policy in question was the building known as the Sylvan Night Club, on which appellee claimed an indebtedness secured by a lien. And found in answer to issue No. 22 that the agreement was to insure only such portion of the wiring, fans, and fixtures as were installed by appellee, for which he had not been paid. And found in answer to issue No. 24 that the agreement was to insure only such portion of the wiring, fans, and fixtures as were installed by appellee and which could be removed.

Appellant leveled several objections at issue No. 19, among such being the fact that it is without evidence to support it. We think such objection was well taken. The contract of insurance specifically excludes the building and specifically names the articles to be insured.

There was no pleading to support either issue No. 22, or issue No. 24. The contract of insurance contains no such limitations, and appellant raised no such limitations in its pleading, and did not seek a reformation of the contract to make same show any such agreement.

Under such circumstances, we find no conflict in any material finding on the part of the jury, and the findings complained of are wholly immaterial.

(12) What we have just said disposes of the twelfth contention, which urges that the three findings just mentioned show a conflict.

(13) There being no evidence covering the amount of wiring, fans, and fixtures installed in the building by appellee and burned, the judgment is excessive.

The evidence established the total value of such articles and the labor done in their installation, and the fact that only an insignificant portion were not placed in the building; and on sufficient evidence the jury found that the articles within the building were worth $2,100; that appellee's unpaid debt was more than $1100; and, the policy being for $1,100, the judgment is not excessive.

We believe that the contract of insurance covers all of such wiring, fans, and fixtures and that it is not susceptible of any other construction.

(14) That the jury having found that the insurance was to apply only to the articles installed in the building for which plaintiff had not been paid, and there being no evidence of the unpaid debt and loss by fire to such property, appellant should have been given judgment.

We believe we have disposed of this contention heretofore.

(15) That a mistrial should have been granted because of a conflict in the jury findings.

This we have disposed of supra.

(16) The judgment is excessive because of the three-fourths value clause.

We have disposed of this contention by showing that the contract covered the articles installed by appellee, and that the jury found such worth $2,100; and the balance owing appellee of more than $1,100; and the policy is for $1100. If the three-fourths clause governs, the jury has found that the property insured was worth $2,100, and three-fourths of that is considerably more than $1,100.

(17) That the trial court erred in not subrogating appellant to appellee's rights against Lively, Thomas, and Davis, who owed appellee for the labor and materials furnished.

Appellant did not make these persons parties to the suit. They were not before the court. If appellant has any such right of subrogation, that right still exists.

(18) The testimony of the witness Prince on the question of whether or not the building was fireproof, or semi-fireproof, was a mixed question of law and fact and should have been excluded.

This testimony could only go to the issue of whether or not the three-fourths clause is controlling, and, the issue being wholly immaterial, under the established facts, no error is shown.

(19) The contention that such evidence invaded the province of the jury is likewise not well taken.

(20) The witness Prince having been permitted to testify that his insurance on the property had been paid, the trial court should have declared a mistrial.

The record discloses that the trial court immediately instructed the jury not to consider such testimony for any purpose. We do not believe that, under the facts in this case, such testimony was so prejudicial, or inflammatory, as that the action of the court did not purge the record of the error.

We do not see how this evidence had, or could have had any material effect, or bearing, on the issues established by the jury by and through which appellee's right of recovery was awarded under a written contract.

(21) Because special issue No. 26 was a question of mixed law and fact, and on the weight of the evidence.

(22) And such issue is duplicitous.

In the first place we do not find in the record where appellant excepted to the ruling of the trial court on the overruling of its objections to the court's charge. The record discloses that the objections were made and presented and overruled, but no exception to such action is shown.

We do not believe that the assignment of error was preserved by appellant.

But if, under the new rules and the very broad way that our Supreme Court has mapped out, in recent decisions, for our guidance in the consideration of assignments of error, we are called upon to consider this assignment of error, we still do not see any reversible error here.

The issue complained of is: "Number 26. Do you find from a preponderance of the evidence that Coffman's failure to write the policy to cover plaintiff's indebtedness and lien, if any, on the building known as the Sylvan Night Club Building was the result of a mutual mistake on the part of plaintiff Brown and said Coffman, as defendant's agent?"

The record evidence discloses that every issue embodied in this charge is without dispute except the issue of mutual mistake. The issue is not subject to the objections made.

(23) The court erred in rendering judgment for interest from October 1, 1935, because the policy gave the insurance company 60 days after proof of loss was filed within which to pay same.

Appellant in its answer admitted that it had denied all liability. It has waived the furnishing of proof of loss. The fire occurred about June 27, 1935, more than 90 days before the date on which the interest is adjudged to run.

(24) The judgment is excessive because the defendant should have been allowed an offset for the unpaid premium.

Appellant so pleaded and the proof is without dispute that the premium of $35.64 has not been paid.

The matter was not in dispute and there was no occasion to submit the issue to the jury.

But appellant made no such contention in its motion for a new trial. Had it done so, the trial court could have, and in all probability would have, corrected the error by giving appellant credit for such item. Had the trial court refused to do so, under such a record, we would have allowed the credit here. But we believe we are without authority to do so in the absence of an assignment of error, raised in the motion for a new trial. This is a type of error that, in our opinion, should be raised in the motion for a new trial to be available on appeal.

All assignments of error are overruled, and the judgment is affirmed.