## RUSSELL v. THE CEDAR RAPIDS INS. Co.

1. **Fire Insurance**: CHANGE OF INCUMBRANCE ON PROPERTY: EFFECT: QUESTION OF FACT. Where a fire insurance policy provided that it should be void "if the assured hereafter mortgage or incumber the property," and the land on which the property was situated was mortgaged when the policy was issued, and the assured, by the sale of a portion of the land and the purchase of other land adjacent, paid off the original mortgage and made a new one, *held* that, whether this avoided the policy or not depended upon whether the hazard was increased; that is, whether the incumbrance on the insured property was proportionately increased by the change; and that that was a question for the jury.

### *Appeal from Humboldt Circuit Court.*

### SATURDAY, MARCH 5.

ACTION upon a policy of insurance. The cause was tried to a jury, and, upon the close of plaintiff's evidence, the circuit court directed a verdict for defendant. Plaintiff appeals.

*A. E. Clarke*, for appellant.

*Deacon & Smith*, for appellee.

BECK, J.—I. The policy insures plaintiff against loss by fire in the sum of $700 on a barn, and $300 "on hay in barn or in stack on cultivated premises." The property insured is described as being situated upon 280 acres of land owned by plaintiff in a section specified in the policy. A condition of the policy is to the effect that it shall be void "if the assured hereafter mortgage or incumber the property" without consent of defendant. The evidence introduced by plaintiff shows that, when the policy was issued, there were mortgages amounting to $1,600 upon the 280 acres of land described in the policy, being the land upon which the property insured was situated; and that afterwards the plaintiff sold 200 acres of the land, and bought another tract of forty

acres adjacent to the land she did not sell. She also bought other land near by, but the precise quantity does not clearly appear. She paid the original mortgage, and, in order to raise $1,000 of the sum required, she executed a mortgage upon the eighty acres remaining unsold. Her farm, it thus appears, after this transaction, had incumbrances upon it less in amount by $600 than when the policy was issued. The case, then, is one of change of incumbrances, reducing the amount thereof, as well as the quantity of land incumbered. The land was incumbered when the policy was issued, and remained incumbered after the new mortgage was taken. The renewal or change of the incumbrance was not necessarily a breach of the condition of the policy. If the incumbrance remaining upon the land unsold should be less in proportion to the quantity than was upon the land when the policy was issued, there was surely no breach of the condition against incumbrances. Or if for any reason the hazard should not be increased by the change, so that no higher rate of premium would be demanded, there would arise no violation of the condition. The question, then, in order to determine whether there has been a breach of the condition, is this: Was the risk increased, or was defendant's security decreased by the change of the incumbrances? This is a question of fact, and should have been left to the jury. The evidence by no means establishes beyond dispute that there was an increase of hazard, and a demand for a higher rate of premium. Indeed, the evidence as to the tracts of land covered by the mortgages in question is inadequate and uncertain. We cannot say that, without dispute or conflict, it appears that the hazard was increased. That question should have been submitted to the jury under proper instructions.

II. It appeared from the evidence introduced by plaintiff that she executed a chattel mortgage upon the hay insured after the policy was executed. There was evidence tending to show that the mortgage was executed by the plaintiff's husband in his name, and that it was without consideration,

and did not in fact cover the hay insured. These matters, of course; should have been submitted to the jury, to be determined by their verdict. In our opinion, the circuit court erred in directing a verdict for defendant. The judgment is reversed, and the cause is remanded for a new trial.

REVERSED.