## LEE v. THE AGRICULTURAL INSURANCE COMPANY.

1. **Agency:** EVIDENCE. Where a witness was examined as to his
actual authority as defendant's agent, and he stated that he was
such agent, and had his authority in writing in his pocket, the
writing was the best evidence, and his oral testimony was
properly excluded.

2. **Evidence:** OPINIONS: WITNESS NOT SHOWN TO BE QUALIFIED.
The opinions of a witness are properly excluded where the witness
is not shown to be qualified to give an opinion on the point in
question.

3. **Fire Insurance:** INCREASE OF RISK BY MORTGAGE. The mort-
gaging of insured property, even to secure a debt not due, is an
increase of the risk, and there was no error in refusing to submit
to the jury in this case the question whether it was or not.
(*Russell v. Insurance Co.*, 71 Iowa, 69, *distinguished.*)

*Appeal from Hamilton District Court.*—HON. JOHN L.
STEVENS, Judge.

FILED, FEBRUARY 6, 1890.

ACTION upon a policy of insurance, insuring certain
chattel property against loss by fire or lightning. The
policy sued upon contains this provision : "If the prop-
erty, either real or personal, or any part thereof, shall

become incumbered by mortgage, judgment or otherwise, the entire policy, and every part thereof, shall be null and void, unless the written consent of the company, at the Chicago office, is obtained." The defendant answered that subsequent to the execution and delivery of said policy, and prior to the time of said fire and loss, the said insured property, and every part thereof, was by the assured incumbered by mortgage, and that said insurance continued, and remained in full force, until after the time of the fire and loss, and that the written consent of said company, at the Chicago office, to said incumbrance, was never obtained; wherefore said policy became and is void. The plaintiff, in reply, admits the execution of said mortgage, and says it was not in fact a mortgage, because given to secure the plaintiff, as surety for the assured, for one hundred and twenty-five dollars, borrowed money; that at the time of the destruction of said property the plaintiff had not become liable for said debt; that the same was not due, and the instrument not operative as a mortgage; that said mortgage was placed on the property with the consent of the duly-authorized agent of the company, and with his full knowledge. The case was tried to the jury; and at the close of the testimony for plaintiff, the defendant moved to withdraw the case from the jury, and for judgment, which motion was sustained, and judgment entered against plaintiff for costs, from which judgment he appeals, assigning as errors that the court erred in excluding evidence offered by the plaintiff, tending to show that the said mortgage is not regarded by insurance men as increasing the hazard, and that an increase of premium would not be demanded on account of such mortgage; that the court erred in sustaining said motion of defendant, and entering judgment against plaintiff, and in sustaining objections to questions asked of the witness H. S. Lee, by the plaintiff, as to the authority of said witness as agent of the defendant.

*Martin & Wambach,* for appellant.

*Kamrar & Boeye* and *E. H. Gary*, for appellee.

GIVEN, J.—I. On the trial, H. S. Lee was called as a witness by the plaintiff, and, having testified that

**1. AGENCY: evidence.** he was agent for the defendant company, and had countersigned this policy, stated that his authority was from the company, in writing, and then in his possession, in his pocket. Plaintiff then asked the witness: "Have you authority to cancel policies issued by this company at Webster City?" To which defendant objected as incompetent, and which was sustained, and whereupon plaintiff further inquired: "Have you, in the course of your agency here, canceled policies of this company?" which was also objected to for the same reason, and objection sustained. There was no error in sustaining these objections. The writing was the best evidence of the witness' authority from the company. It may be true, as contended, that, as between a party and third persons, the limit of the agent's authority to bind the party is the apparent authority with which the agent is invested; yet these inquiries were as to actual authority, and not apparent authority. The writing was the best evidence, and should have been produced.

Plaintiff inquired of the witness, H. S. Lee: "Knowing just what facts you did about this mortgage,

**2. EVIDENCE: opinions: witness not shown to be qualified.** you would not consider it as increasing the hazard?" to which defendant objected as incompetent, and not the subject of expert testimony, which was sustained. Plaintiff then offered to prove by the witness that the facts in reference to this mortgage are not regarded by insurance men as an increase of hazard, which was also objected to, for the same reasons, and objection sustained. In *Russell v. Insurance Co.*, 78 Iowa, 216, we held that, on a question as to whether a certain use of a barn increased the risk, the opinion of the witnesses was proper to be taken. It is, however, sufficient answer to these objections that it was not made to

appear that the witnesses had any knowledge or experience with regard to hazards, or as to what was considered by insurance men as increasing hazards. The objections were properly sustained.

II.   Appellant's further contention is that it was a question of fact as to whether the giving of the chattel mortgage increased the risk, or decreased the defendant's security, and that this question should have been left to the jury.

3. FIRE insurance : increase of risk by mortgage.

The case is clearly distinguishable from that *Russell v. Insurance Co.*, 71 Iowa, 69.   In that case incumbrances existed at the time the policy was issued.   The incumbrances were changed during the life of the policy by payments and renewals, and a part of the land had been sold.   Hence it was a question of fact as to whether the hazard had been increased or security decreased. But there is no question in this case.   The giving of the chattel mortgage is, beyond question, an increase of the risk, and a decrease of the defendant's security, because thereby the assured lessened his interest in the insured property.   It makes no difference that a right of action had not accrued upon the mortgage.   It was a depletion of the assured's interest in the property, to the extent thereof, from its execution and delivery.

III.   Appellant contends that it should have been left to the jury to say whether the defendant's agent Lee did not have such knowledge of the giving of the mortgage as constituted a waiver on the part of the defendant.   As requested, we have read the whole of the testimony of this witness; and we fail to gather therefrom that the witness desires to be understood as saying that he had any knowledge of the giving of the mortgage at the time it was given, or to have given any consent thereto.   But, if he had, there is an entire absence of testimony tending to show that the defendant would be bound by such knowledge or consent, as the extent of Lee's authority is not made to appear. We find no error in the action of the district court, and the judgment is, therefore,          AFFIRMED