Anna Fitzgibbons, Appellee, v. Merchants and Bankers Mutual Fire Insurance Company, Appellant.

**Fire insurance:** INCUMBRANCE OF PROPERTY: FORFEITURE. The mere
1 accumulation of interest upon a mortgage of which an insurance company was advised at the time it accepted the risk, will not work a forfeiture of a policy under a clause warranting against incumbrances. ·

**Forfeiture of policy.** A judgment of foreclosure of a mortgage cover-
2 ing a part only of insured property to which the company consented, will not work a forfeiture of the policy under a provision therein that the company should not be liable if suit for foreclosure be instituted or one in which the title, ownership, or possession "of the property" insured is involved or called in question.

**False representations.** The defense of fraud in a suit on an insurance
3 policy cannot be predicated on a representation in the proofs of loss that there was no suit pending or foreclosure affecting the title, although a mortgage to which the company assented had in fact gone to judgment of foreclosure prior to the loss.

*Appeal from Polk District Court.*— Hon. W. H. McHenry, Judge.

Saturday, November 19, 1904.

ACTION on a policy of insurance against loss by fire. From a judgment for the plaintiff upon a directed verdict, the defendant appeals.— *Affirmed.*

*C. E. Campbell,* for appellant.

*Carr, Hewitt, Parker & Wright,* for appellee.

WEAVER, J.— Under date of August 9, 1897, the defendant insurance company issued to the plaintiff a policy indemnifying her against loss or damage by fire on her frame dwelling house in the sum of $850, and on household furniture in the sum of $500.   The principal office of the defendant has at all times been in the city of Des Moines, Iowa, and the insured property was located in the adjacent town of Valley Junction.   The policy was issued for a term of six years, and the premium thereon was made payable in yearly installments or assessments.   On May 12, 1902, the insured property was destroyed by fire.   All the matured assessments or installments of the premium had been duly paid, and it is conceded that plaintiff has furnished to the defendant due proofs of her loss, and that such loss upon the building amounts to $700, and upon the personal property to $500.   The defendant is therefore admittedly liable to the plaintiff upon the policy in suit in the sum of $1,200, unless it is relieved from such obligation by reason of matters pleaded in its answer.   These defenses will be severally noticed in the further progress of this opinion.

I.   It is alleged that at the time the policy was issued there was a mortgage to the amount of $400 outstanding upon the real estate of which the house formed a part, and,

1. FIRE INSUR- while it is admitted that the company was
ANCE: incum-
brance of fully advised of that fact when it issued the
property; for-
feiture. policy, it is said that plaintiff allowed the debt
to be materially increased by interest accrued and penalties, and thereby worked a forfeiture of the policy.   The clause

of the policy on which this defense is based is in words as follows:

It is hereby agreed and is by the assured expressly warranted that the insured is the sole and unconditional owner of the property described in this policy; that there is no lien or incumbrance upon said property; * * * that no change or alteration shall be made in the title, interest of the assured * * * either by sale, agreement to sell or contract of sale, legal process or otherwise, * * * and that any breach or failure of any of these warranties, or any violation of any of the terms or conditions of this policy, or failure to comply with the requirements hereof, shall render this policy void, provided that if it be otherwise stated in writing in the application, or if written notice of any facts inconsistent with these warranties, or any of them be given to the Secretary at the Company's office in Des Moines, Iowa, and endorsed upon this policy in writing, and such warranty or warranties be thus expressly modified, then the assured shall be bound by these warranties, only as thus modified.

This defense is not specially urged in argument, and is evidently without merit. The mere accumulation of interest upon a mortgage, of which the company was advised when it entered into the contract, will not work a forfeiture. To hold otherwise is to say that an insurance company may insure mortgaged property, collect the premium, and at the end of twenty-four hours repudiate its contract because the lien has been increased by another day's interest. The language of the policy is not fairly capable of the interpretation which the answer seeks to place upon it.

II. The policy also provided that the company shall not be liable thereon " if suit for foreclosure or in which the title, ownership or possession of the property insured is involved or called in question, be instituted."

2. FORFEITURE OF POLICY. It also provides that the assured warrants and agrees that " no lien or incumbrance shall fall or be placed " on the property. The defendant alleges that in February, prior to the fire, a suit was instituted for the foreclosure of

the mortgage existing upon the real estate, and that said suit was prosecuted to judgment on or about March 15, 1902. It is also further alleged that plaintiff permitted a judgment to be entered against her prior to the fire, to the amount of over $700, which judgment became a lien on the real estate, and that by reason of said foreclosure suit and said judgment lien the policy was forfeited. The judgment to which reference is here made is evidently the judgment obtained in the foreclosure proceedings. Forfeiture clauses are not favored by the courts, and will be strictly construed. Now, the condition of forfeiture which this policy provides is the institution of foreclosure proceedings against the " property insured." The " property insured " consists in part of the dwelling house covered by the mortgage, and in part of personal property to which no mortgage or other lien has ever attached; and the foreclosure proceeding did not, therefore, involve the property insured, and no forfeiture resulted. This principle was announced and approved by us in *Born v. Ins. Co.,* 110 Iowa, 379. In that case, as in this, the insured property consisted both of real and personal property, and contained a clause reciting that, " if the property shall hereafter become mortgaged or encumbered or upon the commencement of foreclosure proceedings," then the " policy shall be null and void." An action having been brought to recover for a loss by fire, the company proved that, after taking out the insurance, plaintiff had placed several mortgages upon the insured personal property; and it was claimed that this fact worked a forfeiture of the indemnity, and no recovery could be had upon the policy. To this contention we said: " It is a familiar rule that forfeitures are not favored, that contracts will be strictly construed to avoid forfeitures, and that the burden is upon him who claims a forfeiture to clearly show that he is entitled to it. The language of the policy is, ' or if the property shall hereafter become mortgaged or encumbered, the policy shall become null and void.' It is the property, not a part of it, not the

real nor the personal, but the whole property, the mortgaging of which renders the policy void.  *  *  *  The property is without qualification, and we think it must be held to refer to all the property insured, and therefore mortgaging or incumbering a part of it did not work a forfeiture of the entire policy." Applying the rule thus approved to the case before us, the foreclosure proceedings, being directed against a part only of the property insured, did not have the effect to avoid the contract. It may be said, also, as to the decree entered in said proceedings, that it did not have the effect to create any new lien upon the property insured. Its effect was simply to confirm and establish the lien of the mortgage to which the company had already assented. The plea of forfeiture on the grounds stated is unavailing. *Greenlee v. Ins. Co.*, 102 Iowa, 429.

III. It is next alleged that plaintiff was guilty of fraud and false swearing in making up her proofs of loss. It appears that the blank proofs furnished by the company for the use of plaintiff contained a question as follows: "Is there suit involving the title of the property or foreclosure now pending?" to which she answered, "I believe not." This response affords no foundation for the alleged defense. There was no foreclosure suit pending. The suit which had before been instituted had been prosecuted to a final decree, and the foreclosure had become an accomplished fact, nearly two months before the fire occurred, and the answer of the plaintiff to the question asked was literally true, all of which it is evident the defendant well knew.

3. FALSE REPRE-
SENTATION.

IV. The plaintiff, in reply, pleaded a waiver of the alleged forfeiture, and an election by the company to continue the contract in force. Upon the rulings of the trial court in admitting and refusing testimony in reference to the issue thus tendered, errors are assigned, and to these alleged errors arguments of counsel are principally directed. Having found that none of the several defenses set up by

the defendant have support in the record, it is unnecessary for us to decide whether the matters stated in the reply would have amounted to a waiver.

The judgment of the district court was right, and it is *affirmed*.