## No. 11,062.

## WESTERN ASSURANCE CO. *v.* BRONSTEIN.

Decided June 1, 1925.   Rehearing denied June 22, 1925.

Action on fire insurance policy.   Judgment for plaintiff.

*Affirmed.*

1.   APPEAL AND ERROR—*Assignments not Argued.*   Assignments of error which are not argued, will not be considered by the reviewing court.

2.   *Instructions—Requests.*   A party may not complain of an instruction given at his request.

3.   *Sufficiency of Evidence.*   The verdict of a jury based on sufficient legal evidence will not be disturbed on review on the ground of failure of proof.

4.   INSURANCE—*Proof of Loss—False Value.*   To release an insurer from the obligations of its contract on the ground of false representations of the value of the property destroyed, it must appear, among other things, that the insured swore falsely to some material matter in his statement for the purpose and with the intention of deceiving the insurer and inducing it to pay more insurance than the amount of loss sustained.

5.   *Policy—Construction.*   If there is any ambiguity or uncertainty as to the meaning of a contract of insurance, it must be resolved in favor of the insured.

6.   *Policy—Mortgage Clause—Construction.*   A condition in a contract of insurance, providing that the entire policy shall be void if the subject of insurance be personal property which is or shall be covered by a mortgage, is not broken by the encumbrance of a part of the property only.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. SYLVESTER G. WILLIAMS, for plaintiff in error.

Mr. PHILIP HORNBEIN, Mr. I. L. QUIAT, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action by the insured against the insurer on a single policy of fire insurance for damages for fire loss. The policy was for $2,500 upon a stock of merchandise consisting of groceries, and $1,650 upon store and office furniture and fixtures, a total of $4,150. The jury returned a verdict, upon which judgment was rendered, of $1,854.45 as the damages for the groceries destroyed and for $923.40, the loss on the furniture and fixtures, a total of $2,777.85. The insurer is here with this writ. There are only thirty-nine assignments of error. Of these only two are argued by plaintiff in error. The first is that plaintiff was guilty of false swearing in her proof of loss, which rendered the policy void; the second, that a chattel mortgage was placed against a part of the furniture and fixtures insured, which invalidated the contract of insurance in its entirety. Though other defenses were interposed, they are disregarded because not argued.

1. The instructions given and refused are not discussed by counsel on either side. We have read them and find them full and fair. The one given on the question of false swearing was prepared by insurer's counsel. It specifically instructs the jury that if the insured wilfully or knowingly swore falsely to a material matter in her written statement or proof of loss made to the insurer either as to the quantity or value of the merchandise or as to the loss thereon, or as to the value of the fixtures and furniture or the value thereon, for the purpose of deceiving the defendant, and of inducing it to pay more insurance than the amount of the loss sustained, the verdict must be for the defendant. The insurer has not complained, and of

course cannot complain, of its own instruction. The finding on the issue of false swearing, assuming the evidence to be conflicting, was in favor of the plaintiff. That the issue was one for the jury to determine is not denied. In view of the serious charges against the attorneys for insured contained in the briefs of the insurer's counsel, we have given attentive consideration to the record. It shows first that the jury's finding rests upon sufficient legal evidence and we can not interfere with it on the ground of failure of proof.

The basis for the charge of false swearing is that the insured in her proof of loss exaggerated the sound value of the insured property and overestimated or exaggerated the value of certain items of the insured property that were saved. When it is considered that such exaggeration would redound to the benefit of the insurer and not the insured, it would seem to be a wholly unsubstantial ground upon which to predicate prejudicial error to the insurer because the insured, in estimating the value of the saved property, placed it higher than it really was. This error occurred as the result of a mistake in the computation of a row of figures set opposite a number of such items as the value thereof. The error was apparent on the face of the sheet itself and was readily detected by the adjuster of the insurance company when the written statement or proof of loss was handed to him and he made a notation to that effect on the paper. This of itself tends to show that such error as was made by the insured in the proof of loss was the result of a mistake in addition. The error was against the insured and could not have prejudiced the insurer. But if it was calculated to deceive the insurer it did not accomplish that result because the adjuster readily detected it and such attempted adjustment thereafter as may have been made by him was made with full knowledge of the mistake. But if this computation made by the insured in her proof of loss had not been detected, and if the insured had made an excessive estimate of the value of the insured property and verified the statement, or exag-

gerated the loss that she sustained, this of itself would not make the policy void and release the insurer from the obligation of its contract. To accomplish that result there must also be proof, among other things, that the insured swore falsely to some material matter in her statement for the purpose and with the intention of deceiving the insurer and inducing it to pay more insurance than the amount of the loss sustained. The verdict of the jury cannot be disturbed upon this issue. The position of the insurer upon this branch of the case is unsound. The effect of the argument of learned counsel is that mere exaggeration of value or mistake in computation, and statement in accordance therewith, as to the amount of loss as matter of law constitute false swearing, in the proper sense of that term, which revokes the policy.

2. The court sustained the demurrer of the insured to the affirmative answer of the insurer setting up the alleged fact that the furniture and fixtures which were claimed to be the second subject of insurance described in the policy, were encumbered by the plaintiff by chattel mortgage after the policy was written without the knowledge or consent of the insurer and in violation of the express terms of the policy. We quote this provision of the policy because it has material bearing upon this assignment. "This entire policy, * * * shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered *in whole or in part* by this policy; * * * or if the *subject of insurance* be personal property and be or become incumbered by a chattel mortgage." The insurer, invoking what it says is the now prevailing rule of "unity of risk", says that there are two distinct subject-matters of insurance in this policy: One, the stock of merchandise; the other the furniture and fixtures. On that as a premise, its counsel argues that where two or more subjects are, as in the case here, severally insured under a single policy, and the conditions thereof have been violated with respect to one subject, the contract will be held

an entirety, and the entire policy declared void, "wherever the two or more subjects of insurance are so exposed to each other and to the same risk of loss by fire that what is risk to the one will be a risk to the other; where the same fire which destroys the one will obviously expose the other." We do not discuss this point. It is wholly immaterial since our conclusion is that no condition of the policy was violated. It will be seen from the above quotation if the insured, without the insurer's consent, procures any other contract of insurance on the property covered *in whole or in part* by this policy, the entire policy shall be void. In the later clause if "the subject of insurance" be personal property and it is encumbered by a chattel mortgage, the policy shall be void. It will be observed that the clause against additional insurance makes the entire policy void, if the property covered by the policy, *either in whole or in part,* shall be reinsured, while the clause against an encumbrance by a chattel mortgage makes the policy void only if "the subject of insurance", not merely a part of it, is encumbered. We need not indulge in speculation why the language employed is different in the two clauses. The company framed this language for itself. If there is any ambiguity or uncertainty as to the meaning it must be resolved in favor of the insured. We do not, however, think there is any ambiguity. This court in *Merchants Insurance Co. v. Harris,* 51 Colo. 95, at page 112, 116 Pac. 143, said that a condition against encumbrance applicable to the insured property as an entirety is not broken by the encumbrance of a part only. Here the subsequent chattel mortgage covered only a part of the "subject of insurance", not all of it. Counsel for insurer says that in the Harris Case the court had before it another question, and that this statement is not to be taken as a declaration of the rule applicable to a case like this where the insured is seeking to recover damages for the loss of property destroyed by fire. We think the declaration of the court is just as applicable to this case as it was to the Harris Case. If an insurer wishes to make its policy void if a part only

of the "subject of insurance" is or becomes encumbered by chattel mortgage, it could and should say so in express terms in its policy. The Harris Case seems to be in accordance with the rule in other jurisdictions. 26 C. J. p. 185, *et seq.*, and cases cited. One of the cases, *Mecca Fire Ins. Co. v. Wilderspin*, (Texas Civil App.) 118 S. W. 1131, defines "subject of insurance" as "all property covered by the policy". We recognize the general rule that an encumbrance upon property tends to increase the hazard. The insurer may guard against this risk and protect itself by providing that the entire policy shall become void if personal property, either in whole or in part, covered by its policy shall be or become encumbered by a chattel mortgage. The company has protected itself here if the "subject of insurance", which means the entire property covered by the policy, is encumbered; but it has not protected itself against encumbrance on a part only of the personal property.

Serious charges have been made against the insured involving in a measure her counsel. The alleged misconduct of counsel relates to assistance and advice given by them to their client in preparing proof of loss, collecting evidence and making and verifying an inventory of value. We do not find any evidence of such impropriety. The verdict of the jury on the issue of false swearing, in favor of the insured, itself is broad enough to include counsel if the latter's misconduct was an issue in the case. This court is not slow to correct and give adequate relief against false swearing and deception practiced by an insured against an insurer. The marked fairness of the trial court in its rulings upon evidence and in its instructions—which, if subject to criticism at all, would be that it leaned too far in favor of the insurer—considered in connection with the findings, satisfy us that the insurer had a fair and impartial trial.

There being no prejudicial error in the record, the judgment is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.