M. G. RANSOM, RESPONDENT, v. THE POTOMAC INSURANCE COMPANY OF DISTRICT OF COLUMBIA, APPELLANT.—45 S. W. (2d) 94.

Kansas City Court of Appeals. December 7, 1931.

*Rieger & Rieger* and *Stringfellow & Garvey* for appellant.

*A. D. Campbell* and *John Campbell* for respondent.

BOYER, C.—This is an action on a fire insurance policy. The petition alleges that defendant issued plaintiff its policy of insurance by the terms of which plaintiff was insured against loss by fire in the amount of $1500 on household and personal effects; that the policy was effective for a period of one year from April 16, 1930, and "that said policy is hereto attached and marked Plaintiff's Exhibit A and made a part hereof;" that there was a total loss by fire of said household and personal effects November 2, 1930; that plaintiff was the owner thereof; that the property was of the value of over $1500; that demand was made for payment in accordance with the terms and provisions of the policy, but that defendant refused to pay the sum due or any part thereof; that the refusal and delay on the part of defendant was without reason and vexatious, and demands judgment for the full amount of the policy with interest from the date of the fire, together with damages and attorneys' fee.

The unverified answer admits that defendant issued to plaintiff its policy of fire insurance, and denies each and every other allegation of the petition. The answer further set forth provisions of the policy showing that it was made and accepted subject to stipulations and conditions and that one of said conditions referred to is the following:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto shall be void . . . if the subject of insurance be personal property and be or become incumbered by a chattel mortgage."

The answer further alleges that plaintiff executed to the Guaranty Finance Corporation a chattel mortgage on all of said insured property; that said mortgage was filed for record on August 15, 1930, and that when said mortgage was so placed on the property the policy became void and defendant was released from liability thereon. There was no reply.

By agreement a jury was waived and the cause tried before the court. No instructions were offered or given. The trial court found the issues for the plaintiff and awarded him the sum of $1500 with six per cent interest from November 2, 1930; found that the failure to pay was vexatious and allowed ten per cent damages, and $250 as an attorneys' fee.

Defendant duly appealed and now urges that the stipulation and condition in the policy against incumbrance was broken by the plaintiff by the execution of the mortgage and that the policy was thereby avoided. This is the decisive point in the case and upon it arises the question for our determination.

Evidence on behalf of plaintiff tended to show a total loss by fire of household and personal effects of the value of approximately $3000. Shortly after the fire plaintiff, at the request of the insurance adjuster, prepared an itemized list of various articles of household goods and other personal effects which were destroyed and set opposite each item the value thereof, the total of which amounted to more than $2400. The evidence shows there was other property in addition to the itemized list which was also destroyed. Plaintiff and other witnesses testified that the value of said property was the amount shown in the list and that after the fire the property was of no value. In addition to the household goods which were destroyed there were numerous items of other personal effects such as books, toys, shoes, and clothing for men, women, and children of the proved value of over $400 which were also destroyed. The testimony shows that plaintiff owned the property and that he notified the agent of the company of the fire the next morning after it occurred. Shortly thereafter an adjuster appeared and requested a list of the property and later there was a further request for other information concerning the invoices of the property. A proof of loss was furnished at the request of defendant, and on January 27, 1931, defendant denied liability on account of the execution of the mortgage alleged.

On cross-examination plaintiff admitted signing a chattel mortgage, and over the objection of plaintiff, defendant offered evidence to show, and did show, the execution of a chattel mortgage by the plaintiff under date of August 15, 1930, and put in evidence the filing and record thereof. The chattel mortgage so shown was to secure the payment of $150 in installments to the Guaranty Finance Corporation. The property conveyed by said mortgage consisted

of specifically described articles of household furniture and the description concludes with these words: "Together with any other household goods that we may have, not mentioned here." The mortgage was signed by the insured and his wife. Personal effects other than household goods were not mentioned or described in the mortgage. The pertinent parts of the policy are set out in the record which shows coverage for loss or damage by fire to the amount of $1500 on household and personal effects. It recites that the policy is made and accepted subject to stipulations and conditions, some of which are contained in the following numbered paragraphs:

"11. This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void  .  .  .

"18. If the subject of insurance be personal property and be or become incumbered by a chattel mortgage."

The policy was not introduced in evidence and respondent contends that this court cannot know its provisions, and therefore there was no showing that the execution of the chattel mortgage would operate as a forfeiture; that the filing of the policy with the petition as an exhibit does not make it record proper and it cannot be considered unless introduced in evidence; and that the legal effect of filing an unverified answer was to admit the execution of the policy as described in the petition and to render its introduction in evidence unnecessary. The answer was not verified. The effect of it was to admit the existence of the contract alleged. It was unnecessary to introduce the policy in evidence. [Scott v. Union Liability Co., 194 S. W. 900; Johnson v. Woodmen of the World, 119 Mo. App. 98, 95 S. W. 951.] By the terms of the petition the policy was attached, marked an exhibit, and made a part thereof. This was not sufficient to render the policy available as a substantive aid in the statement of a cause of action, nor did the policy thereby become a part of the record proper. [State ex rel. v. McQuillan, 256 Mo. l. c. 708, and cases cited.] Legally, it is not before us for consideration and a breach of the condition which is said to have forfeited the policy does not appear.

One of the incidental contentions of appellant is that the new matter contained in the answer was not denied by reply and that plaintiff thereby admitted the truth of the facts constituting the defense, and that defendant was entitled to a judgment on the pleadings. [Citing sec. 800, R. S. 1929; Bird v. Rowell, 180 Mo. App. 421.] This question was not presented to the trial court by motion for judgment on the pleadings or otherwise and was not passed upon by the trial court and is not here for review. The case was submitted and determined upon the evidence and "in the absence of a showing to the contrary, the trial court's judgment is presumed to be correct." [Scott v. Union Liability Co., 194 S. W. 901.] The

theory upon which the trial court found for the plaintiff is not expressly stated or shown in the record, but if the judgment was justified upon any legal theory under the pleadings and the proof, it should be affirmed. [Dubach v. Musick, 256 S. W. 116.]

If the policy be considered a part of the record and its provisions admitted, as alleged in the answer, still there is another theory upon which the judgment could rest. The answer in alleging the terms of the policy against incumbrance and the execution of a chattel mortgage "on all of said insured property" set forth a complete defense. The breach thus charged would render the policy void. [Boley v. Insurance Co., 23 S. W. (2d) 1095, and cases cited.] However, when we look at the evidence we find a state of facts materially different from that alleged in the answer. The answer charged that the plaintiff executed "a chattel mortgage on all of said insured property." The policy, if considered, covers household and personal effects, and the evidence further shows that the chattel mortgage covered only household goods and did not include a large amount of "personal effects" covered by the policy and destroyed by fire. It is beyond controversy that the chattel mortgage did not cover all of the insured property. In the presence of such facts, does the chattel mortgage constitute a breach of the condition in the policy against incumbrance? We are of opinion and hold that under the facts of this case the chattel mortgage shown in evidence did not constitute a breach of the condition of the policy against incumbrance and did not operate as a forfeiture of said policy for the following reasons. Attention must be centered upon the specific words constituting the condition of the policy which is alleged to have been broken by the insured. To repeat, it provides: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . if the subject of insurance be personal property and be or become incumbered by a chattel mortgage." What meaning is to be attributed to the foregoing? "The policy is to be construed liberally in favor of the assured and against the insurer. The law does not favor forfeitures, and contracts of insurance must be so construed, if possible, as not to defeat the .claim to indemnity. The provisions in a policy, limiting or avoiding liability, must be construed most strongly against the insurer." [Kimbrough v. National Protective Insurance Assn., 35 S. W. (2d) 654, 658, and cases cited.]

The *subject of insurance* in .the instant case is "household and personal effects." Personal effects are as much a part of the *subject of insurance* as any other property covered by the policy. Personal effects other than household goods were' not included in the chattel mortgage. The company in preparing its policy selected the words by which it sought protection against liability in case of incum-

brance. The words which it selected afford protection against liability if the *subject of insurance* be incumbered. The words "subject of insurance" are unqualified and must be held to mean the whole subject of insurance and not merely a part of the property insured. In order to render the condition of the policy effective under the facts in this case it would be necessary to supply something not expressed in the condition and cause it to read that the policy would be void "if the subject of insurance, *or any part thereof,* be or become incumbered by a chattel mortgage." We are not at liberty to do this, but must interpret and apply the condition as written, in accordance with the rules heretofore announced. The company did not protect itself against liability in the event a part only of the subject of insurance be incumbered and we cannot amplify or extend the meaning of the words used to have such significance to the disadvantage of the insured. A strict construction against the insurer and a liberal construction in favor of the insured compels the conclusion which we have stated above.

So far as we are aware the precise question with which we are dealing, and arising upon similar provisions in insurance policies, has not been presented to or determined by any appellate court of this State. However, the rule of decision in other states and the current of authority, well supported by reason, is to the effect that a chattel mortgage executed upon a part of the "subject of insurance" does not defeat coverage under a condition of the policy providing that it shall be void "if the subject of insurance be personal property and be or become incumbered by a chattel mortgage." [Western Co. v. Bronstein, 77 Colo. 408, 412, 236 Pac. 1013, 1015; Merchants' Ins. Co. v. Harris, 51 Colo. 95, 112, 116 Pac. 143; Born v. Home Ins. Co., 110 Ia. 379, 383, 81 N. W. 676; Fitzgibbons v. Ins. Co., 126 Ia. 52, 55, 101 N. W. 455; Phoenix Ins. Co. v. Lorenz, 34 Ind. App. 495, 29 N. E. 604; Bailey v. Homestead Fire Ins. Co., 16 Hun. 503 (N. Y. Sup. Ct.); Sullivan v. Town Mutual Ins. Co., 20 Okla. 460, 94 Pac. 676, 681; Mecca Fire Ins. Co. v. Wilderspin (Tex.), 118 S. W. 1131, and cases cited; 26 C. J. 185, sec. 226.] It results that the judgment of the trial court was authorized and should be affirmed. The Commissioner so recommends. *Campbell, C.,* not sitting.

PER CURIAM:—The foregoing opinion of 'BOYER, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.