(No. 6176. March 20, 1936.)

SAMUEL CREEM, Trustee for the Creditors of CHARLES
A. RAMBO, and CHARLES A. RAMBO, Respondents,
v. NORTHWESTERN MUTUAL FIRE ASSOCIA-
TION OF SEATTLE, WASHINGTON, a Corporation,
Appellant.

[56 Pac. (2d) 762.]

Martin & Martin, for Appellant.

Ed. R. Coulter and George Donart, for Respondents.

GIVENS, C. J.—■ Respondents brought suit on a policy of fire insurance covering the furniture, fixtures and stock of merchandise belonging to respondent Rambo, destroyed by fire. The principal defense was based upon the claimed violation of the italicized provisions of the policy as follows:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy; or if the subject of insurance be a manufacturing establishment and it be operated in whole or in part at night later than ten o'clock, or if it cease to be operated for more than ten consecutive days; *or if the hazard be increased by any means within the control or knowledge of the insured; . . . . or if the subject of insurance be personal property and be or become incumbered by a chattel mortgage; . . . .* "

because after the policy was issued, Rambo gave a chattel mortgage on certain equipment in the store to A. A. Seay, and on the stock of goods, furniture and fixtures to the Nampa-Weiser Company and George Shellhaas. During the course of the trial, respondents introduced evidence to the effect that the parties to the chattel mortgage given the Nampa-Weiser Company and George Shellhaas did not intend to thereby cover the stock of goods and argue that because the chattel mortgage clause in the insurance policy did not provide for forfeiture in case the subject matter of the insurance became mortgaged "in whole or in part" whereas other contingent forfeiture clauses did so provide, and since only a part and not all of the subject matter of said policy was so mortgaged, the chattel mortgage clause did not become operative to prevent recovery.

While there is authority to the contrary, the majority rule construing a policy of insurance worded as the one herein supports respondents' contention on this basis, either that the subject matter of the insurance, even though contained in the same policy, was divisible, that is, furniture and fixtures on the one hand and stock of merchandise on the other, as

was said in *Adler v. Germania Fire Ins. Co.,* 17 Misc. 347, 39 N. Y. Supp. 1070, at 1072:

" . . . . In the Merrill Case, above stated [*Merrill v. Insurance Co.,* 73 N. Y. 452, 29 Am. Rep. 184], the court of appeals says of a policy like the present, insuring different classes of goods for different sums:

" 'The contract before us is not entire: it is divisible; and the breach of the condition made by the plaintiff applied only to the class of property insured, which was the immediate subject of the act of incumbrance which constituted that breach.'

"It is not within the power of the insurer to make a divisible contract an entire contract by calling it so, and we must seek an intention agreeable to the kind of contract which he was actually making; that is to say, a policy embracing more than one subject, and entire as to each subject. That intention, we think, is quite manifest. It will be observed that the provision in which the words 'this entire contract' occur refers to the 'subject of insurance' becoming incumbered by chattel mortgages. The 'subject of insurance', in a policy insuring separate risks, means the subject of each separate risk, as to each of which there is, under the cases, a divisible contract or policy; and the provision that the entire policy would be void if the subject of insurance becomes incumbered means that the whole insurance upon that particular subject or risk should be so affected . . . . As to each class of insurance the policy is entire, and not otherwise, and the insurer must be deemed to have had that legal distinction in view when employing the term under consideration. . . . . "

26 C. J. 101, sec. 100, note 30; 26 C. J. 276, secs. 347–349; *Manchester F. Assur. Co. v. Feibelman,* 118 Ala. 308, 23 So. 759; *Mitchell v. Mississippi Home Ins. Co.,* 72 Miss. 53, 18 So. 86, 48 Am. St. 535; *German Ins. Co. v. Fairbank,* 32 Neb. 750, 49 N. W. 711, 29 Am. St. 459; *Tompkins v. Hartford Fire Ins. Co.,* 22 App. Div. 380, 49 N. Y. Supp. 184; *American Artistic Gold Stamping Co. v. Glens Falls Ins. Co.,* 1 Misc. 114, 20 N. Y. Supp. 646; *Sun Mutual Ins. Co. v. Tufts,* 20 Tex. Civ. App. 147, 50 S. W. 180; *German Ins. Co. v. Luckett,* 12 Tex. Civ. App. 139, 34 S. W. 173; *North British*

*etc. Ins. Co. v. Freeman,* (Tex. Civ. App.) 33 S. W. 1091; or the policy not making it a violation to mortgage "in whole or in part" is to be construed as meaning that all the property, not merely part thereof, must be mortgaged before the policy is void. *Peterson v. Pacific Fire Ins. Co. of New York,* (La. App.) 148 So. 283:

"The meaning of the clause 'if the subject of insurance . . . . be or become encumbered' is important. Is it intended that any mortgage for any amount on any part of the insured property shall work a forfeiture, or that only such mortgage as incumbers the entire amount of the property insured shall have that effect? The latter is, undoubtedly, the proper interpretation, in view of the other provisions of the policy working a forfeiture, which are careful to provide that the policy shall be void under the conditions mentioned when the insured property is affected 'in whole or in part.' For example: 'This entire policy . . . . shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy; or if the subject of insurance be a manufacturing establishment and it be operated in whole or in part at night later than ten o'clock' . . . .

"In *Western Assurance Co. v. Bronstein,* 77 Colo. 408, 236 Pac. 1013, 1015, the identical clause was under consideration. The court there pointed out the difference in the forfeiture clauses, saying: 'It will be observed that the clause against additional insurance makes the entire policy void, if the property covered by the policy, either in whole or in part shall be reinsured, while the clause against an incumbrance by a chattel mortgage makes the policy void only if "the subject of insurance," not merely a part of it, is incumbered' and held that an incumbrance of a part of the insured property was not an incumbrance of 'the subject of insurance, not all of it.' "

26 C. J. 185, sec. 226; *Northern Assur. Co. v. Case,* 12 Fed. (2d) 551; *Ransom v. Potomac Ins. Co.,* 226 Mo. App. 664, 45 S. W. (2d) 95; *Fitzgibbons v. Merchants' & Bankers' Mut. Fire Ins. Co.,* 126 Iowa, 52, 101 N. W. 454, 70 L. R. A. 243; *Western Assur. Co. v. Bronstein,* 77 Colo. 408, 236 Pac. 1013;

*Merchants Mut. Fire Ins. Co. v. Harris*, 51 Colo. 95, 116 Pac. 143; *Sullivan v. Mercantile Town Mut. Ins. Co.*, 20 Okl. 460, 94 Pac. 676, 129 Am. St. 761; *Mecca Fire Ins. Co. v. Wilderspin*, (Tex. Civ. App.) 118 S. W. 1131; *Fritzley v. Germania Farmers Mut. Fire Ins. Co.*, 19 Ont. L. 49, 14 Ont. W. R. 18; *Phenix Ins. Co. v. Lorenz*, 7 Ind. App. 266, 33 N. E. 444, 34 N. E. 495; *Born v. Home Ins. Co.*, 110 Iowa, 379, 81 N. W. 676, 80 Am. St. 300.

 As against the contention that the policy was divisible appellant urges that since the merchandise was contained in the fixtures and the fixtures were mortgaged, there was such unity of risk as to avoid the policy as to the stock of goods, and that the court erred in giving the instruction that the giving of the mortgages on the furniture and fixtures did not affect the right of recovery for the loss of the merchandise. Some courts have held that under such circumstances the hazard is so increased as a matter of law as to avoid the policy. *Lee v. Agricultural Ins. Co.*, 79 Iowa, 379, 44 N. W. 683:

" . . . . There is no question in this case. The giving of the chattel mortgage is, beyond question, an increase of the risk, and a decrease of the defendant's security, because thereby the assured lessened his interest in the insured property. It makes no difference that a right of action had not accrued upon the mortgage. It was a depletion of the assured's interest in the property, to the extent thereof, from its execution and delivery."

See 26 C. J. 193, sec. 235; 26 C. J. 277, secs. 347–349; *Weddington v. Piedmont Fire Ins. Co.*, 141 N. C. 234, 54 S. E. 271, 8 Ann. Cas. 497; *Goorberg v. Western Assur. Co.*, 150 Cal. 510, 89 Pac. 130, 119 Am. St. 246, 11 Ann. Cas. 801, 10 L. R. A., N. S., 876; *McWilliams v. Cascade Fire & Marine Ins. Co.*, 7 Wash. 48, 34 Pac. 140; *Ohio Valley Fire & Marine Ins. Co.'s Receiver v. Skaggs*, 216 Ky. 535, 287 S. W. 969; *McKernan v. North River Ins. Co.*, 206 Fed. 984; *Baldwin v. Hartford Fire Ins. Co.*, 60 N. H. 422, 49 Am. Rep. 324; *McGowan v. Peoples Mut. Fire Ins. Co.*, 54 Vt. 211, 41 Am. Rep. 843; *Coggins v. Aetna Ins. Co.*, 144 N. C. 7, 56 S. E. 506, 119 Am. St. 924, 8 L. R. A., N. S., 839; *Republic County Mut. Fire Ins. Co. v. Johnson*, 69 Kan. 146, 76 Pac.

419, 109 Am. St. 157, 2 Ann. Cas. 20; *Capps v. National Union Fire Ins. Co.*, 318 Ill. 350, 149 N. E. 247.

Others directly to the contrary. *Taylor v. Anchor Mut. Fire Ins. Co.*, 116 Iowa, 625, 88 N. W. 807, at 809, 93 Am. St. 261, 57 L. R. A. 328:

" . . . . We therefore hold on this question as involved in the case before us, that entirety of premium does not necessarily prove that the contract is indivisible, and that where it appears from the terms of the policy that distinct items or classes of property were separately insured the policy may be valid as to one item or class, although it is invalid as to another item or class by reason of breach of conditions of the policy with reference thereto, provided it appears, also, that the risk which it was intended to exclude by the condition which is broken does not apply to the other items or classes of property. In this case a chattel mortgage on the cows and horses could not in any way affect the nature of the risk as to the dwelling house and contents, and therefore we find that a breach of a condition in the policy as to the one class of property did not invalidate the insurance as to the other."

*Loomis v. Rockford Ins. Co.*, 77 Wis. 87, 45 N. W. 813, 20 Am. St. 96, 8 L. R. A. 834; *Downey v. German Alliance Ins. Co.*, 252 Fed. 701; *Manchester Fire Assur. Co. v. Glenn*, 13 Ind. App. 365, 40 N. E. 926; *Fisher v. Sun Ins. Co.*, 74 W. Va. 694, 83 S. E. 729, L. R. A. 1915C, 619; *Hanover Fire Ins. Co. v. Crawford*, 121 Ala. 258, 25 So. 912, 77 Am. St. 55; *Benham v. Farmers Mut. Fire Ins. Co.*, 165 Mich. 406, 131 N. W. 87, Ann. Cas. 1912C, 983, L. R. A. 1915D, 736; *Jones v. American Eagle Ins. Co.*, 91 Fla. 565, 108 So. 165; *Jack v. Farm Property Mut. Ins. Assn.*, 205 Iowa, 1294, 217 N. W. 816; *Raulet v. Northwestern Nat. Ins. Co.*, 157 Cal. 213, 107 Pac. 292; *Miller v. Delaware Ins. Co.*, 14 Okl. 81, 75 Pac. 1121, 2 Ann. Cas. 17, 65 L. R. A. 173; 26 C. J. 278, sec. 349.

A third line of authorities is to the effect that it is a question of fact, which we believe is the correct rule. *King v. Hartford Fire Ins. Co. of Hartford, Conn.*, 133 Minn. 322, 158 N. W. 435, at 436, Ann. Cas. 1916D, 861:

"We are unable to hold that as a matter of law the risk was materially increased by giving the bill of sale, or chattel mortgage, or that the finding of the jury on this question is not supported by the evidence. Increase of risk is always a question for the jury, unless in a particular case the evidence is so conclusive that reasonable minds cannot differ." *Crittenden v. Springfield Fire & Marine Ins. Co.*, 85 Iowa, 652, 52 N. W. 548, 39 Am. St. 321; *Petranek v. Bohemian Farmers Mut. Ins. Co.*, 44 S. D. 550, 184 N. W. 798; *Niagara Fire Ins. Co. v. Layne*, 162 Ky. 665, 172 S. W. 1090, citing with approval *Provident Savings Life Assur. Co. v. Whane*, 131 Ky. 84, 93 S. W. 1049, 29 Ky. Law Rep. 160, and *Penn Mutual Life Ins. Co. v. Mechanics Savings Bank*, 72 Fed. 413, 19 C. C. A. 296, 38 L. R. A. 33; *Zeitler v. Concordia Fire Ins. Co.*, 169 Mich. 555, 135 N. W. 332; *Collins v. Merchants & Bankers Mut. Ins. Co.*, 95 Iowa, 540, 64 N. W. 602, 58 Am. St. 438; *Russell v. Cedar Rapids Ins. Co.*, 71 Iowa, 69, 32 N. W. 95, 42 N. W. 655; *Godfrey v. Security Ins. Co.*, (La. App.) 147 So. 101; *Knowles v. Dixie Fire Ins. Co.*, 177 La. 941, 149 So. 528. It was error, therefore, for the court to instruct the jury as it did.[1] Some 24 specific articles, not merchandise, were concededly never mortgaged, and the same rule would apply to these articles, i. e., if mortgaging the furniture and fixtures tended to increase the risk on these 24 articles recovery could not be had; otherwise it could be.

This court has held that where a written instrument through mutual mistake of the parties thereto does not express their true intent the introduction of oral testimony

---

[1] "Instruction No. 5.

You are instructed that the evidence and admissions in this case leave the fact uncontradicted that a chattel mortgage was given on or about the 6th day of May, 1932, covering the business furniture, fixtures and equipment which were insured under the policy in question in this case, and that the defendant had no notice or knowledge that said chattel mortgage had been given thereon until after the same were destroyed by fire. You are instructed, therefore, that if you find for the plaintiffs, in determining the amount of their damage, you will not include the value of such business furniture, fixtures and equipment but will base your verdict as to the amount of damages, if any, suffered by the plaintiffs by reason of such fire loss upon the value of the stock of meats and groceries only."

does not violate the parol evidence rule when responsive to proper allegations of the complaint or answer, but that to establish an asserted mutual mistake the evidence must be clear and convincing and show that all parties intended the instrument to provide other than it stated. *Exum v. Port-neuf-Marsh Valley Irr. Co.*, 38 Ida. 155, 220 Pac. 112:

"A deed or other written contract may be reformed when it is shown by evidence clear and satisfactory that owing to a mutual mistake of the parties it does not express the intention of such parties. (*Udelavitz v. Ketchen et al.*, 33 Ida. 165, 190 Pac. 1029; *Bowers v. Bennett*, 30 Ida. 188, 164 Pac. 93; *Panhandle Lumber Co. v. Rancour*, 24 Ida. 603, 135 Pac. 558.) The above decisions of this court also hold that parol evidence is admissible to prove that by reason of a mutual mistake of the parties a written instrument does not truly express their intention. Cases almost without number from the highest courts of other states might be cited to the same effect on both of these points."

*Houser v. Austin*, 2 Ida. 204, 10 Pac. 37; *Udelavitz v. Ketchen*, 33 Ida. 165, 190 Pac. 1029; *Hayes v. Flesher*, 34 Ida. 13, 198 Pac. 678; *Gould v. Frazier*, 48 Ida. 798, 285 Pac. 673; recognized in *Ehlinger v. Washburn-Wilson Seed Co.*, 51 Ida. 17, 1 Pac. (2d) 188, and the jury should be so instructed, *Morrison v. Pierce*, 47 Ida. 430, 276 Pac. 306; *Molyneux v. Twin Falls Canal Co.*, 54 Ida. 619, 35 Pac. (2d) 651, 94 A. L. R. 1264.

The evidence herein is insufficient to prove that the merchandise was included in the chattel mortgage by mutual mistake.

The other assignments of error touching on the admissibility of evidence were either not prejudicial or are sufficiently covered by the above conclusions.

Judgment reversed and the cause remanded for a new trial. Costs to appellant.

Budge and Ailshie, JJ., concur.

Petition for rehearing denied.

MORGAN, J., Dissenting.—The rule by which the provision in this insurance policy, quoted in the majority opinion,

should be construed is thus stated in *Watkins v. Federal Life Ins. Co.*, 54 Ida. 174, 176, 29 Pac. (2d) 1007, 1008:

"Contracts of insurance are to be construed in view of their general objects and strict, technical interpretation is to be avoided. Where language may be given two meanings, one of which permits recovery and the other does not, it is to be given the construction most favorable to the insured. (*Sweaney & Smith Co. v. St. Paul etc. Ins. Co.*, 35 Ida. 303, 206 Pac. 178; *Sant v. Continental Life Ins. Co.*, 49 Ida. 691, 291 Pac. 1072; *Maryland Casualty Co. v. Boise Street Car Co.*, 52 Ida. 133, 11 Pac. (2d) 1090.)"

There is conflict among the authorities on the question of the effect of a mortgage on property covered by a policy of insurance containing that provision. *Western Assur. Co. v. Bronstein*, 77 Colo. 408, 236 Pac. 1013, is a case exactly in point, and what seems to me to be the true rule, and the reason for it, may be extracted from the following quotation therefrom:

"It will be seen from the above quotation, if the insured, without the insurer's consent, procures any other contract of insurance on the property covered in whole or in part by this policy, the entire policy shall be void. In the latter clause, if 'the subject of insurance' be personal property, and it is incumbered by a chattel mortgage, the policy shall be void. It will be observed that the clause against additional insurance makes the entire policy void, if the property covered by the policy, either in whole or in part shall be reinsured, while the clause against an incumbrance by a chattel mortgage makes the policy void only if 'the subject of insurance,' not merely a part of it, is incumbered.

"We need not indulge in speculation why the language employed is different in the two clauses. The company framed this language for itself. If there is any ambiguity or uncertainty as to the meaning, it must be resolved in favor of the insured."

In *Ransom v. Potomac Ins. Co. of District of Columbia*, 226 Mo. App. 664, 45 S. W. (2d) 95, it is said:

"Attention must be centered upon the specific words constituting the condition of the policy which is alleged to have been broken by the insured. To repeat, it provides: 'This entire policy, unless otherwise provided by agreement in-

dorsed hereon or added hereto, shall be void . . . . if the subject of insurance be personal property and be or become incumbered by a chattel mortgage.' What meaning is to be attributed to the foregoing? 'The policy is to be construed liberally in favor of the assured and against the insurer. . . . . The law does not favor forfeitures, and contracts of insurance must be so construed, if possible, as not to defeat the claim to indemnity. The provisions in a policy, limiting or avoiding liability, must be construed most strongly against the insurer.' *Kimbrough v. National Protective Insurance Assn.*, 225 Mo. App. 913, 35 S. W. (2d) 654, 658, and cases cited.

''The *subject of insurance* in the instant case is 'household and personal effects.' Personal effects are as much a part of the *subject of insurance* as any other property covered by the policy. Personal effects other than household goods were not included in the chattel mortgage. The company in preparing its policy selected the words by which it sought protection against liability in case of incumbrance. The words which it selected afford protection against liability if the *subject of insurance* be incumbered. The words 'subject of insurance' are unqualified and must be held to mean the whole subject of insurance and not merely a part of the property insured. In order to render the condition of the policy effective under the facts in the case, it would be necessary to supply something not expressed in the condition and cause it to read that the policy would be void 'if the subject of insurance, *or any part thereof,* be or become incumbered by a chattel mortgage.' We are not at liberty to do this, but must interpret and apply the condition as written, in accordance with the rules heretofore announced. The company did not protect itself against liability in the event a part only of the subject of insurance be incumbered, and we cannot amplify or extend the meaning of the words used to have such significance to the disadvantage of the insured. A strict construction against the insurer and a liberal construction in favor of the insured compels the conclusion which we have stated above.''

See, also, *Peterson v. Pacific Fire Ins. Co.,* (La. App.) 148 So. 283; *Fitzgibbons v. Merchants' & Bankers' Mut. Fire*

*Ins. Co.*, 126 Iowa, 52, 101 N. W. 454, 70 L. R. A. 243; *Merchants' Mut. Fire Ins. Co. v. Harris,* 51 Colo. 95, 116 Pac. 143; *Sullivan v. Mercantile Town Mut. Ins. Co.,* 20 Okl. 460, 94 Pac. 676, 129 Am. St. 761; *Hibernia Ins. Co. v. Bills,* 87 Tex. 547, 29 S. W. 1063, 47 Am. St. 121, 29 L. R. A. 706; *North British & Mercantile Ins. Co. v. Freeman,* (Tex. Civ. App.) 33 S. W. 1091; *Hartford Fire Ins. Co. v. Walker,* (Tex. Civ. App.) 60 S. W. 820; *Mecca Fire Ins. Co. v. Wilderspin,* (Tex. Civ. App.) 118 S. W. 1131.

It is contended the evidence is insufficient to establish the stock of merchandise destroyed in the building which was burned was included in the mortgage given to secure the payment of Rambo's indebtedness to Nampa-Weiser Company and George Shellhaas. The evidence shows, without conflict, that negotiations leading up to the making of the mortgage were conducted by Charles Rambo, owner of the mortgaged property, and Samuel Creem, who represented the mortgagees in the transaction. Creem was manager of Nampa-Weiser Company, and he testified it was not his intention that the merchandise be included in the mortgage. Rambo also testified he did not intend to mortgage the merchandise, both witnesses agreeing it was included therein by mistake and that it was their intention that only the furniture and fixtures in the store be mortgaged. Shellhaas did not participate in the negotiations. His wife testified she and her husband were engaged in the bakery business in Weiser. She further testified:

"Q. In conducting that business, what part do you have to do?

"A. I do clerical work, have charge of all books and look after accounts, collecting and everything in that work."

With respect to a conversation with Mr. Creem, over the telephone, at the time the mortgage was made, Mrs. Shellhaas testified:

"Q. Go ahead with the conversation.

"A. Well, this morning Mr. Creem called up and of course we had talked about taking this mortgage before, and he said, 'Mrs. Shellhaas, I am up at Mr. Carter's office and I want to talk to you about this mortgage,' and sort of laughingly I said 'we want the cash' and he said that would be out of the

question of course, and I said 'yes, well, I am just leaving it up to you about the mortgage' and of course in the conversation there wasn't anything said about it would be but of course I thought it would be the fixtures.

"MR. MARTIN: I move to strike 'I thought it would be on the fixtures.'

"THE COURT: It may be stricken.

. . . . . . . . . . . .

"Q. May it please the Court, Mrs. Shellhaas, just tell what was said by Mr. Creem to you in this conversation and speak a little more slowly please.

"A. Yes. Mr. Creem said 'Mrs. Shellhaas, I am at Carter's office and I wish to speak with you concerning this Rambo mortgage' and I stated in a sort of laughing manner 'for our part of it we will take the cash' and he said 'of course, that will be out of the question,' and I said 'well, I am just leaving this mortgage up to you,' so he said, 'well, all right,' and to my knowledge that is all that I recall out of the conversation. . . . .

"Q. On what property were you intending to take a chattel mortgage? . . . .

"A. On the fixtures of Mr. Rambo's store and his Chevrolet truck.

"Q. Anything else?

"A. Nothing."

It is said in 26 C. J. 185, sec. 226:

"A mortgage, either on real or personal property, is of course an encumbrance within the meaning of a condition against encumbrances. But in order to constitute such encumbrance the mortgage must be valid; . . . . "

If the merchandise was included in the mortgage by mutual mistake it was not a valid encumbrance thereon, and only the property intended to be included was mortgaged.

The rule recognized and followed in Idaho is that evidence of mutual mistake in making and executing a written contract must, in order to vary the terms of the instrument, be clear and satisfactory. Defendant would have been entitled to an instruction to that effect had it asked for one, but it made no request for instructions.

There is no conflict in the evidence that the merchandise

included in the mortgage was so included by mistake. The question is as to the sufficiency of the uncontradicted evidence on this point to meet the requirements of the rule that it must be clear and satisfactory in order to overcome the presumption that the parties, or one of them, intended that the merchandise be included in the mortgage. As heretofore pointed out, both Rambo, the mortgagor, and Creem, the representative and agent of the mortgagees, testified it was not their intention to include it.

The evidence that Creem, in taking the mortgage, not only represented Nampa-Weiser Company, for which he was manager, but also Shellhaas, is established by his testimony and that of Mrs. Shellhaas, and is without contradiction. Whether Mrs. Shellhaas was the agent of her husband with power to authorize Creem to take the mortgage is a question, like all other questions of fact, for the jury. (*Carron v. Guido,* 54 Ida. 494, 33 Pac. (2d) 345.)

The evidence that the merchandise was included in the mortgage by mutual mistake was sufficient to take the case to the jury, and its finding is conclusive. Even if the evidence in this particular was insufficient, a considerable portion of the insured property, of substantial value, which was unencumbered by mortgage, was destroyed by the fire, which makes applicable the rule that encumbering only a part of the insured property does not vitiate the insurance on any of it covered by such a policy as we have here under consideration.

Respondents were entitled to recover for all the insured property destroyed because mortgaging a portion of it, without the knowledge or consent of the insurer, did not, according to the terms of the policy, invalidate the insurance on any of it. The jury was not correctly instructed in this particular, but respondents did not appeal and are, therefore, not entitled to have the error corrected. The judgment should be affirmed.

Justice Holden concurs in this dissenting opinion.