**NORTHWESTERN NATIONAL INSURANCE CO., Plaintiff-Appellee,**

v.

**Larry G. BARNHART, d/b/a Power Stop, Defendant-Appellant.**

**No. 84CA1418.**

Colorado Court of Appeals,
Div. II.

Dec. 26, 1985.

Rector, Retherford, Mullen & Johnson, Neil C. Bruce, Michael R. Waters, Colorado Springs, for plaintiff-appellee.

Alexander & Wieman, P.C., William A. Alexander, Jr., Colorado Springs, for defendant-appellant.

VAN CISE, Judge.

Plaintiff, Northwestern National Insurance Co. (insurer), brought this action against defendant, Larry G. Barnhart (insured), to recover the amount paid on a theft loss claim because of insured's violation of the "fraud clause" in the insurance policy. The trial court directed a verdict for insurer. Contending this was error, insured appeals the judgment entered thereon. We affirm.

The policy contains a provision (the fraud clause) that:

"This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto."

Additionally, an endorsement to the policy states:

"This policy is void if any insured has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance."

Viewed in the light most favorable to insured, the non-moving party, the evidence established that insured's automobile repair shop/gas station was burglarized and that cash, tools, parts, supplies, and inventory were stolen. A proof of loss form with a list of the items claimed to have been stolen was signed by insured and submitted to insurer. Insurer paid the amount of the claimed loss.

Subsequently, insured admitted that he had "padded" his insurance claim, that his losses were less than the amount reported, and that certain items contained on the list had not been stolen. He also admitted that these items had been concealed so that he "could just write everything off as a total loss" and recover more insurance money.

In *Western Assurance Co. v. Bronstein*, 77 Colo. 408, 236 P. 1013 (1925), a case involving the fraud clause, our supreme court held that to make the policy void and release the insurer from the obligation of its contract, there must be proof of a false statement by insured as to some material matter made for the purpose and with the intention of deceiving the insurer and inducing it to pay more insurance than the amount of the loss sustained. *See also Detroit Fire & Marine Insurance Co. v. Gagliardi*, 94 Colo. 453, 32 P.2d 832 (1934).

Insured's admissions met the above requirements and left no questions of fact for the jury. He violated the fraud clause. A directed verdict was proper. *See Fagerberg v. Webb*, 678 P.2d 544 (Colo.App.1983).

Also, we agree with the statements in *American Diver's Supply & Manufacturing Corp. v. Boltz*, 482 F.2d 795 (10th Cir.1973) that:

"While discovered misrepresentations do not normally result in penalties to the unsuccessful defrauder—other than losing the unjustified benefits of whatever action he sought to induce—that situation is unlike the case where the attempt-

ed defrauder is also expecting the insurance company to comply with the reimbursement provisions of a contract which they have entered into. The penalty for attempted fraud in an insurance case where a fraud clause exists ... is not simply forfeiture of the excess or inflated recovery amount but the voiding of all actual loss benefits as well. But we cannot accept that this is too harsh a consequence in view of the insured's being put on notice and the alternative of encouraging 'an everything-to-win, nothing-to-lose proposition' for the insured.

. . . .

"Although the insurance adjuster allegedly arrived at a total dollar amount of loss that was less than the insured ex-

pected, this does not mitigate the existence of the insured's fraudulent representations."

Because of the above holding, we need not address insured's remaining contentions.

Judgment affirmed.

STERNBERG and METZGER, JJ., concur.